# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

PEOPLE v HALL

Docket No. 150677. Argued on application for leave to appeal January 13, 2016. Decided June 29, 2016.

Brandon M. Hall was charged in the 58th District Court with 10 felony counts of forgery under MCL 168.937 after stipulating to having filled in false names, addresses, and signatures on petitions to nominate a prospective judicial candidate. The prosecutor moved to bind the case over to the Ottawa Circuit Court for trial. Defendant objected, arguing that the facts supported only misdemeanor charges under MCL 168.544c. The district court, Bradley S. Knoll, C.J., denied the motion for bindover on the felony charges but ruled that there was probable cause to proceed to trial on 10 misdemeanor counts under MCL 168.544c(8), which prohibits an individual from signing a petition with a name other than his or her own. On appeal by the prosecution, the circuit court, Jon A. Van Allsburg, J., affirmed, ruling that MCL 168.544c and MCL 168.937 conflicted and that MCL 168.544c was controlling because MCL 168.544c was the more recent and specific statute governing defendant's conduct. The Court of Appeals, BORRELLO, P.J., and SERVITTO and SHAPIRO, JJ., affirmed in an unpublished opinion per curiam issued October 23, 2014 (Docket No. 321045), and the prosecutor appealed. The Supreme Court ordered and heard oral argument on whether to grant the application or take other peremptory action. 497 Mich 1023 (2015).

In a unanimous opinion by Chief Justice YOUNG, the Supreme Court *held*:

The lower courts erred by concluding that MCL 168.544c and MCL 168.937 conflict. When construed as a substantive offense, MCL 168.937 prohibits forgery, or the making of a false document under the Michigan Election Law with the intent to defraud, and punishes forgery as a felony. MCL 168.544c, a misdemeanor offense, proscribes the specific act of signing another's name to a nominating petition and does not require proof of a specific intent to defraud. If proved, the facts as alleged in this case establish that defendant violated both statutes. Prosecuting defendant for felonies committed in violation of MCL 168.937 was barred neither by tie-breaking canons of statutory interpretation nor principles of due process.

1. The prosecution did not abuse its discretion by charging defendant with the felony offense of forgery under MCL 168.937 rather than the misdemeanor offense of falsifying nominating petitions under MCL 168.544c. Prosecutors have broad discretion in deciding under which statute they will prosecute a defendant, even if more than one statute is applicable. Both

MCL 168.937 and MCL 168.544c can be given full effect without a conflict. Given the Court of Appeals' unchallenged holding that MCL 168.937 is a substantive offense, MCL 168.937 incorporates the common-law definition of forgery and therefore requires proof of specific intent to defraud. MCL 168.544c(8) does not require proof of specific intent. These distinct statutes are not ambiguous, and the lower courts accordingly erred by applying tie-breaking canons of statutory interpretation, including the presumption that the more recent and more specific of two seemingly conflicting statutes read *in pari materia* is controlling, as well as the rule of lenity. The codification of additional regulations and sanctions in MCL 168.544c, absent language suggesting the two statutes may not apply concurrently, demonstrated a legislative intent to complement rather than supplant MCL 168.937. MCL 168.937 explicitly contemplates that the Legislature might specify different or additional punishment by providing for felony punishment "unless herein otherwise provided." The inclusion of the phrase "unless herein otherwise provided" in MCL 168.937 did not require the conclusion that MCL 168.544c was an exception to felony punishment for election law forgery. MCL 168.544c provides that the crime of signing another's name to a nominating petition will be punished as a misdemeanor absent proof of specific intent to defraud; it does not provide that it applies to the exclusion of other provisions of the Michigan Election Law.

2. Defendant's prosecution under MCL 168.937 did not violate fundamental elements of fairness because the plain text of that statute informed him he could be subject to felony charges if he committed election law forgery. Both MCL 168.937 and MCL 168.544c are fully enforceable on their own terms. Each unambiguously specifies the conduct prohibited and the punishment that flows from that conduct. Although the warning language on the nominating petitions conveyed to defendant that he would be guilty of a misdemeanor if he knowingly made a false statement in the circulator's certificate, a second warning stated that someone who signs a name other than his or her own is violating the provisions of the Michigan election law, and that warning did not prescribe the penalty as a misdemeanor.

Court of Appeals judgment reversed; case remanded to the district court for further proceedings.

©2016 State of Michigan

# OPINION

Chief Justice:     Justices:
Robert P. Young, Jr.    Stephen J. Markman
               Brian K. Zahra
               Bridget M. McCormack
               David F. Viviano
               Richard H. Bernstein
               Joan L. Larsen

FILED June 29, 2016

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v                                No. 150677

BRANDON MICHAEL HALL,

        Defendant-Appellee.

BEFORE THE ENTIRE BENCH

YOUNG, C.J.

Defendant is charged with violating the Michigan Election Law[1] by forging nominating petitions in a 2012 judicial election. At issue is whether defendant may be bound over to circuit court on felony charges for committing forgery under MCL 168.937, or whether the prosecution was limited to proceeding with misdemeanor charges under MCL 168.544c(8)(a) for signing the petitions "with a name other than his . . . own." The lower courts believed that the statutes conflicted, creating an

---

[1] MCL 168.1 *et seq*.

ambiguity, and therefore held that defendant could be charged only with the lesser misdemeanor offense.[2] We conclude that there is no conflict between MCL 168.544c and MCL 168.937. Instead, the Legislature has provided differing punishments for two distinct offenses, and each applies independently to prohibit defendant's conduct. Accordingly, we reverse the decision of the Court of Appeals and remand this case to the 58th District Court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

Defendant Brandon Hall was hired by a prospective judicial candidate to gather nominating signatures of qualified voters in the 2012 election for the 58th District Court. By the evening before the May 1, 2012 deadline to file the nominating petitions, defendant had not gathered the 1,000 signatures necessary to nominate the candidate. That night, defendant filled in blank nominating petitions with false names and addresses and then signed the petitions with those false names. He attempted to disguise his handwriting by using different colored pens and writing with his right and left hands. Defendant was aware that false elector names and signatures appeared on the petitions but nonetheless signed each as the circulator, certifying that each petition had been properly circulated and actually signed by qualified voters. Defendant continued to sign

---

[2] The Court of Appeals held that this statute creates a substantive offense. See *People v Hall*, unpublished opinion per curiam of the Court of Appeals, issued October 23, 2014 (Docket No. 321045), p 6. Although the defendant argued in the Court of Appeals that MCL 168.937 does not create a substantive offense, he did not appeal this holding or otherwise pursue this argument, and the parties did not otherwise ask us to review it. We therefore decline to reach this question.

2

false nominator signatures the next day while the candidate drove defendant to Lansing. The petitions were filed with the Bureau of Elections on May 1.

The state of Michigan charged defendant with 10 counts of forgery under MCL 168.937, bringing a separate felony count for each of the 10 forged nominating petitions. Defendant was arraigned on these charges. The prosecutor moved to bind the case over to the Ottawa Circuit Court for trial, and defendant objected. Defendant argued that the stipulated facts accepted by the district court supported only misdemeanor charges under MCL 168.544c. After a hearing on the motion, the district court denied the motion to bind defendant over for trial on the felony charges. The district court concluded that MCL 168.937 only imposed felony liability for prohibited conduct expressly identified as "forgery" elsewhere in the Michigan Election Law. The district court also reasoned that the rule of lenity should apply to mitigate punishment. The district court further held that there was sufficient probable cause to proceed to trial on 10 misdemeanor counts under MCL 168.544c(8),[3] which states that "an individual shall not . . . sign a petition with a name other than his or her own."

The prosecution appealed, and the Ottawa Circuit Court affirmed the district court decision. The circuit court concluded that MCL 168.544c was a more recent and specific statute governing defendant's conduct, and therefore must control over the general forgery offense of MCL 168.937. The judge highlighted the language in the nominating petitions that specifically warned defendant that "a circulator knowingly making a false

---

[3] At the time the lower courts decided this case, this provision, though identical, was located in a different subsection. Subsequent renumbering did not change the content of the provision. See MCL 168.544c, as amended by 2014 PA 94 and 2014 PA 418.

3

statement in the above certificate . . . is guilty of a misdemeanor."[4] The court cited the rule of lenity and due process considerations as alternative bases for its decision.

The prosecution appealed to the Court of Appeals, which affirmed the district court's refusal to bind over on the felony forgery charges.[5] The Court of Appeals first held that MCL 168.937 created a substantive offense of forgery and was not merely a penalty provision.[6] It then concluded that MCL 168.937 conflicted with MCL 168.544c. Based on the presumption that more recent and specific statutes control over more general statutes, as well as the rule of lenity, the panel held that defendant could only be bound over on misdemeanor offenses under MCL 168.544c. The Court of Appeals held in the alternative that charging defendant with felonies rather than misdemeanors violated defendant's due process rights. The prosecution appealed the Court of Appeals' decision, and this Court ordered oral argument on the application for leave to appeal.[7]

## II. STANDARD OF REVIEW

A district court's decision to bind over a defendant is generally reviewed for an abuse of discretion.[8] To the extent the lower court's ruling is based on questions of law,

---

[4] MCL 168.544c.

[5] *Hall*, unpub op at 10.

[6] The parties do not dispute this issue on appeal in this Court.

[7] *People v Hall*, 497 Mich 1023 (2015).

[8] *People v Thomas*, 438 Mich 448, 452; 475 NW2d 288 (1991).

4

however, it is reviewed de novo.[9]  Questions of constitutional and statutory interpretation present questions of law reviewed de novo.[10]

## III.  ANALYSIS

### A.  MICHIGAN ELECTION LAW

The Michigan Election Law details the requirements for a valid nominating petition at MCL 168.544c.   MCL 168.544c prescribes the form of the nominating petition, defines a valid nominating signature, and describes how the petition must be circulated.  This section also establishes various punishments for individuals who violate its requirements.  Subsection (8) sets forth the primary prohibitions:

> An individual shall not do any of the following:
>
> (a) Sign a petition with a name other than his or her own.
>
> (b) Make a false statement in a certificate on a petition.
>
> (c) If not a circulator, sign a petition as a circulator.
>
> (d) Sign a name as circulator other than his or her own.

Defendant argues that, as an individual who signed a nominating petition with a name other than his own, he may be subject to punishment only under MCL 168.544c(9):

> An individual who violates [MCL 168.544c(8)] is guilty of a misdemeanor punishable by a fine of not more than $500.00 or imprisonment for not more than 93 days, or both.

The prosecution, however, charged defendant under MCL 168.937:

---

[9] *People v Schaefer*, 473 Mich 418, 427; 703 NW2d 774 (2005).

[10] *UAW v Green*, 498 Mich 282, 286; 870 NW2d 867 (2015).

5

Any person found guilty of forgery under the provisions of this act shall, unless herein otherwise provided, be punished by a fine not exceeding $1,000.00, or by imprisonment in the state prison for a term not exceeding 5 years, or by both such fine and imprisonment in the discretion of the court.

MCL 168.937 is located in a chapter titled "Offenses and Penalties," which defines a number of additional criminal offenses, both misdemeanors and felonies. The offenses in this chapter supplement the prohibitions defined elsewhere in the Michigan Election Law.[11] There are also provisions that define the punishment for persons found guilty of misdemeanors[12] and felonies[13] under the Michigan Election Law.

Defendant agrees on appeal that the substance of his misconduct, intentionally signing false nominating signatures and intentionally making false circulator certifications, is prohibited under both MCL 168.544c and MCL 168.937. He argues, however, on statutory and constitutional grounds, that he is chargeable only with the lesser misdemeanor offense specified in MCL 168.544c.

B. STATUTORY CONFLICT

Prosecutors have broad discretion in deciding under which statute they will prosecute a defendant, even if more than one statute is applicable.[14] Statutory interpretation begins with the text of the statutes, and "effect must be given to every

---

[11] See, e.g., MCL 168.931; MCL 168.932.

[12] MCL 168.934.

[13] MCL 168.935.

[14] See *People v Ford*, 417 Mich 66, 84; 331 NW2d 878 (1982).

clause and sentence."[15]  The Court "must avoid an interpretation that would render any part of the statute surplusage or nugatory."[16]  "When the Legislature has unambiguously conveyed its intent in a statute, . . . judicial construction is not permitted."[17]  If a statute is unambiguous, a court should not apply "preferential or 'dice-loading' " rules of statutory interpretation.[18]  A statute is ambiguous if two provisions irreconcilably conflict or if the text is equally susceptible to more than one meaning.[19]  If two provisions can instead be construed to avoid conflict, that construction should control.[20]

The Court of Appeals held that MCL 168.937 defines a general election law forgery offense, while MCL 168.544c specifically proscribes the falsification of nominating petitions.  Each provision can be given full effect without leading to a conflict.  In *People v Ford*, this Court held that the prosecutor properly exercised his discretion in charging the defendant "under the general uttering and publishing statute when, on the facts presented, there existed a more specific charge, misuse of a credit card."[21]  In that case, the defendant forged a credit card sales slip and then presented that

---

[15] *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000).

[16] *Koontz v Ameritech Servs*, 466 Mich 304, 312; 645 NW2d 34 (2002).

[17] *Id*.

[18] *Id*. at 319.

[19] *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004).

[20] *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998).

[21] *People v Ford*, 417 Mich 66, 75; 331 NW2d 878 (1982), citing MCL 750.249 and MCL 750.157q.

slip with the intent to defraud, committing misconduct prohibited under two separate statutes.[22]

The defendant in *Ford* argued that because the statute prohibiting misuse of a credit card was more recently enacted and more specific, the Legislature intended the credit card statute to control prosecution for his credit card crime.[23] This Court rejected that argument, concluding that the more specific statute was not the exclusive chargeable offense.[24] One significant indicator of the Legislature's intent to allow prosecution under either statute was the fact that the two offenses did not involve the same elements.[25] To charge the defendant under the general felony statute, the prosecution had to prove the additional element of forgery; this element made "the offense more culpable, thus justifying different treatment and a harsher penalty."[26] The history of amendment of both provisions and the statutory scheme revealed that the Legislature intended to complement the prior general felony offense by adopting the credit card statute and expanding the circumstances under which credit card misuses could be punished as crimes.[27]

In the present case, the Court of Appeals concluded that MCL 168.544c conflicts with MCL 168.937 because the statutes "proscribe the same conduct—i.e., the falsifying

---

[22] *Id*. at 77.

[23] *Id*. at 77-78.

[24] *Id*. at 80.

[25] *Id*.

[26] *Id*. at 81.

[27] *Id*. at 82.

of documents (or signatures thereon) required to be submitted under the Michigan election law"—but provide distinct punishments for that conduct.[28] However, these statutes do not proscribe the same conduct. As the Court of Appeals itself noted, "MCL 168.937 makes *forgery* a felony, while MCL 168.544c makes signing someone else's name on a nominating petition a misdemeanor."[29] Forgery requires proof of an element not present in the offense defined in MCL 168.544c: specific intent to defraud.

MCL 168.937 states that "any person found guilty of forgery under the provisions of this act shall, unless herein otherwise provided," be subject to the specified punishments. Because defendant concedes that this statute creates the substantive offense of forgery, and forgery is not defined elsewhere in the Michigan Election Law, we turn to the common law to define "forgery" under MCL 168.937 for the purposes of this appeal. When a statute uses a general common law term to describe an offense, the statutory crime is defined as at common law.[30] "The common-law definition of forgery is a false making, or a making *malo animo* of any written instrument with intent to defraud."[31] The text of MCL 168.937 evinces no intent to displace this common law definition of forgery. In contrast, MCL 168.936 similarly punishes "any person found guilty of perjury under

---

[28] *Hall*, unpub op at 8.

[29] *Id*. (emphasis added).

[30] *People v Gillis*, 474 Mich 105, 118; 712 NW2d 419 (2006), citing *People v Riddle*, 467 Mich 116, 125; 649 NW2d 30 (2002).

[31] *People v Warner*, 104 Mich 337, 340; 62 NW 405 (1895) (quotation marks omitted). See also *People v Susalla*, 392 Mich 387, 390; 220 NW2d 405 (1974) ("[F]orgery includes any act which fraudulently makes an instrument purport to be what it is not.") (citation and quotation marks omitted).

9

the provisions of this act," but MCL 168.933 explicitly defines the offense of "perjury."[32]

Given the Court of Appeals' holding that MCL 168.937 is a substantive offense, MCL 168.937 therefore requires the prosecution to prove not only the false making of a writing described in the Michigan Election Law,[33] but also the specific intent to defraud, before a defendant may be convicted of election law forgery.

MCL 168.544c prohibits a person from signing a petition with another's name. This misconduct can be characterized as the false making of a document, the *actus reus* of forgery. MCL 168.937 and MCL 168.544c(8), however, prohibit distinct conduct and do not conflict as long as MCL 168.544c(8) does not require proof of specific intent to defraud.[34] We hold that it does not.[35] The particular offense of signing another's name

---

[32] "A person who makes a false affidavit or swears falsely while under oath under [MCL 168.848] or for the purpose of securing registration, for the purpose of voting at an election, or for the purpose of qualifying as a candidate for elective office under [MCL 168.558] is guilty of perjury." MCL 168.933.

[33] See *People v Van Alstine*, 57 Mich 69, 73; 23 NW 594 (1885) ("At the common law [forgery] is defined to be the making of a false document with intent to defraud; and the [statutory] offense may be said to be complete when any person falsely makes *any of the writings enumerated in the statute* with intent to deceive in such a manner as to expose any person to loss or to the risk of loss.") (quotation marks omitted; emphasis added).

[34] See *Ford*, 417 Mich at 80. See also *People v LaRose*, 87 Mich App 298, 302; 274 NW2d 45 (1978) ("It is necessary to distinguish between cases where the two possible applicable statutes prohibit the same conduct and cases where the statutory crimes are distinct.").

[35] The district court found probable cause to believe defendant possessed specific intent to defraud, and defendant has not challenged this finding on appeal. The district court further ruled that the mental state required under MCL 168.544c(8) is to act knowingly. This Court does not need to decide whether MCL 168.544c(8) requires a knowing signature or a lesser mental state; it suffices to conclude that MCL 168.544c(8) requires something less than specific intent to defraud.

10

to a nominating petition was not a crime at common law, let alone one that included a specific intent requirement, and so the Court must look to the text of MCL 168.544c to determine whether the statutory crime requires specific intent.[36] MCL 168.544c(8) and (9) do not specify a mental state element. MCL 168.544c(8) states that "an individual shall not . . . sign a petition with a name other than his or her own." The statute does not use the words "forgery" or "fraud," or refer to any other common law offense. The only intent element evident from the text of MCL 168.544c(8) is the general intent to sign another's name. This is distinct from the specific intent to defraud that MCL 168.937 requires.

The lower courts agreed that MCL 168.937 requires proof of specific intent to defraud, while MCL 168.544c does not. They relied on two statutory presumptions to nonetheless conclude that the prosecution was bound to proceed under MCL 168.544c: the presumption that when two statutes read *in pari materia* conflict, the more recent and more specific statute will control,[37] and the rule of lenity.[38] These presumptions,

---

[36] See *People v Quinn*, 440 Mich 178, 186; 487 NW2d 194 (1992).

[37] See *People v Buehler*, 477 Mich 18, 26; 727 NW2d 127 (2007) ("[S]tatutes that relate to the same subject or that share a common purpose are *in para materia* [sic] and must be read together as one. When there is a conflict between statutes that are read *in para materia* [sic], the more recent and more specific statute controls over the older and more general statute.") (citation and quotation marks omitted).

[38] See *People v Bergevin*, 406 Mich 307, 311-312; 279 NW2d 528 (1979) (" 'It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment.' "), quoting *Bell v United States*, 349 US 81, 83; 75 S Ct 620; 99 L Ed 905 (1955).

11

however, do not apply unless the seemingly conflicting statutes are in fact ambiguous.[39] Given the Court of Appeals' holding that MCL 168.937 created a substantive offense, we conclude that MCL 168.937 and MCL 168.544c each define distinct prohibited conduct and the punishment that flows from that conduct. Defendant, who admittedly signed many people's names to nominating petitions[40] and made false documents with fraudulent intent,[41] could be charged under the plain terms of either MCL 168.544c or MCL 168.937. That the two statutes apply concurrently does not render them ambiguous, where each applies independently to prohibit defendant's conduct.[42] The Legislature frequently and reasonably criminalizes similar instances of misconduct in separate and independent statutes that share common elements.[43]

MCL 168.544c contains no language that suggests it is intended to be the exclusive chargeable offense for election fraud. The purpose evident from the text of MCL 168.544c is not to reduce the severity of punishment for election law forgery, but

---

[39] See *People v Jahner*, 433 Mich 490, 502; 446 NW2d 151 (1989) ("While the conspiracy statute and the 'lifer law' both address in general terms the punishment of criminal activity and therefore should be read in pari materia, the two statutes address separate and distinct considerations."); *People v Wakeford*, 418 Mich 95, 113-114; 341 NW2d 68 (1983) ("The rule of lenity properly applies only in the circumstances of an ambiguity, or in the absence of any firm indication of legislative intent.").

[40] See MCL 168.544c.

[41] See MCL 168.937.

[42] See *United States v Batchelder*, 442 US 114, 121; 99 S Ct 2198; 60 L Ed 2d 755 (1979) (declining to "manufacture ambiguity" to apply rule of lenity where defendant "unquestionably violated" relevant statute, notwithstanding that another statute "provides different penalties for essentially the same conduct").

[43] See *Ford*, 417 Mich at 94-95.

instead to criminalize conduct that falls short of common law forgery that nonetheless threatens the integrity of Michigan elections.[44] The enactment of MCL 168.544c codified additional regulations and sanctions, demonstrating a legislative intent to complement rather than supplant the other provisions of the Michigan Election Law.[45] MCL 168.937 explicitly contemplates that the Legislature might specify different or additional punishment by providing for felony punishment "unless herein otherwise provided."

Defendant argues that this Court must read the phrase "unless herein otherwise provided" in MCL 168.937 to mean that MCL 168.544c is an exception to felony punishment for election law forgery. MCL 168.544c provides that the crime of signing another's name to a nominating petition will be punished as a misdemeanor absent proof of specific intent to defraud. MCL 168.544c, however, does not provide that it applies to the exclusion of other provisions of the Michigan Election Law. When statutory crimes are distinct, as here, a prosecutor does not abuse his discretion by charging the greater offense.[46] MCL 168.544c does not preclude additional punishment under MCL 168.937 for those who commit the independent offense of election law forgery.[47]

---

[44] See MCL 168.544c(7) to (9), (11) (providing criminal punishment for conduct that creates false nominating petitions); MCL 168.544c(10), (12), (13) (empowering board of canvassers to impose various sanctions for false signatures and other offenses).

[45] See 1965 PA 312; *Ford*, 417 Mich at 82.

[46] See *Ford*, 417 Mich at 82.

[47] Defendant also argues that the prosecutor cannot charge him with forgery related to the circulation of petitions because MCL 168.544c(15) provides that "[t]he provisions of this section except as otherwise expressly provided apply to all petitions circulated under authority of the election law." On this theory, he claims that the prosecutor is limited to

The Due Process Clauses of the United States and Michigan Constitutions provide that the state may not deprive any person of "life, liberty, or property, without due process of law."[48]  Due process requires "that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose."[49]  Although defendant does not challenge the Court of Appeals' conclusion that MCL 168.937 created the substantive offense of forgery, he argues he did not receive constitutionally sufficient notice that he could be subject to felony charges for his misconduct because the nominating petitions, as required by MCL 168.544c(1), explicitly stated that a "circulator knowingly making a false statement in the above certificate . . . is guilty of a misdemeanor."

In *United States v Batchelder*, the defendant, a previously convicted felon, was convicted of receiving a firearm that had traveled in interstate commerce, violating 18 USC 922(h).[50]  He was sentenced under 18 USC 924(a) to five years in prison.[51]  The

---

charging defendant under MCL 168.544c.  The Court of Appeals held, however, that the Legislature created the substantive offense of "forgery under the provisions of this act" in MCL 168.937.  *Hall*, unpub op at 6.  What logically follows from this is that the Legislature intended MCL 168.937 to provide such an exception to MCL 168.544c(15).

[48] US Const, Am XIV; Const 1963, art 1, § 17.  Defendant does not argue that the Michigan Constitution offers greater protection than the United States Constitution.  See *AFT Mich v Michigan*, 497 Mich 197, 213; 866 NW2d 782 (2015).

[49] *BMW of North America, Inc v Gore*, 517 US 559, 574; 116 S Ct 1589; 134 L Ed 2d 809 (1996).  See also *People v Babcock*, 469 Mich 247, 262; 666 NW2d 231 (2003) ("As in any civilized society, punishment should be made to fit the crime and the criminal."), citing *Gore*, 517 US at 576 n 24.

[50] *Batchelder*, 442 US at 116.

14

United States Court of Appeals for the Seventh Circuit remanded his case for resentencing after it concluded that the defendant could only be sentenced to a maximum term of two years under 18 USC 1202(a).[52]  The Seventh Circuit held that, because the substantive elements of the two statutes were identical, there was an ambiguity that must be resolved in favor of the more lenient punishment.[53]  The Supreme Court of the United States reversed.

The Supreme Court agreed that the statutes overlapped, "both as to the conduct they proscribe and the individuals they reach," but concluded that "each substantive statute, in conjunction with its own sentencing provision, operates independently of the other."[54]  Each statute was fully enforceable on its own terms because each provision gave defendant fair notice:

> The provisions in issue here . . . unambiguously specify the activity proscribed and the penalties available upon conviction.  That this particular conduct may violate both Titles does not detract from the notice afforded by each.  Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments.  So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied.[55]

---

[51] *Id.*

[52] *Id.* at 116-117.

[53] *Id.*

[54] *Id.* at 118.

[55] *Id.* at 123 (citation omitted).

We agree with the above-quoted reasoning of the Supreme Court in *Batchelder*. Defendant's conduct was clearly proscribed by both MCL 168.544c and MCL 168.937, and each statute unambiguously specifies the penalties available upon conviction. The warnings on the nominating petitions did not detract from this clear statutory notice. As previously explained, these statutes operate with independent force; MCL 168.544c does not limit the application of MCL 168.937. The warning language prescribed by MCL 168.544c(1) conveyed to defendant that he would be guilty of a misdemeanor if he knowingly made a false statement in the circulator's certificate. Defendant, however, is charged with different conduct, forgery, and the warning simply does not cover that conduct. A second warning states, however, that someone who "signs a name other than his or her own is violating the provisions of the Michigan election law."[56] That warning does not prescribe the penalty as a misdemeanor. In short, a defendant may not know under which statute a prosecutor will *actually* charge him, but when a defendant falsely signs other people's names on a nominating petition, making a false document with fraudulent intent, MCL 168.937 gives him fair notice his conduct *may* be charged as a felony.[57]

Defendant's prosecution under MCL 168.937 did not violate "fundamental elements of fairness"[58] given the Court of Appeals' holding that MCL 168.937 is a substantive offense and given that the plain text of that statute informed him he could be

---

[56] MCL 168.544c(1).

[57] See *Ford*, 417 Mich at 80.

[58] *Hall*, unpub op at 10.

subject to felony charges if he committed election law forgery, a crime distinct from the misdemeanor defined in MCL 168.544c.[59]

## IV. CONCLUSION

The lower courts erred when they concluded that MCL 168.544c and MCL 168.937 conflict. Instead, each statute applies independently to punish defendant's intentional falsification of nominating petitions. MCL 168.937 prohibits forgery, or the making of a false document under the Michigan Election Law with the intent to defraud, and punishes forgery as a felony. MCL 168.544c, a misdemeanor offense, proscribes the specific act of signing another's name to a nominating petition and does not require proof of a specific intent to defraud. If proved, the facts as alleged in this case establish that defendant violated both statutes. Prosecuting defendant for felonies committed in violation of MCL 168.937 is barred neither by tie-breaking canons of statutory interpretation nor principles of due process.

We reverse the decision of the Court of Appeals and remand this case to the 58th District Court for further proceedings consistent with this opinion.

Robert P. Young, Jr.
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

---

[59] *Batchelder*, 442 US at 123.

17