*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL DEAN DUPRE,

Defendant-Appellant.

FOR PUBLICATION
December 17, 2020
9:10 a.m.

No. 350386
Kent Circuit Court
LC No. 18-007432-FH

Before: RONAYNE KRAUSE, P.J., and MARKEY and BORRELLO, JJ.

BORRELLO, J.

Defendant, Michael Dean Dupre, appeals by leave granted[1] following a conditional no-contest plea conviction of operating while visibly impaired (OWVI), MCL 257.625(3). On appeal, defendant argues that the trial court erred when it determined that the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, permits a defendant to be convicted of OWVI because the plain language of the MMMA does not allow for such a conviction. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Defendant was charged with one count of operating while intoxicated (OWI), MCL 257.625(1). In advance of trial, defendant moved for special jury instructions, arguing that our Supreme Court has held that medical marijuana[2] card holders are allowed to drive while

---

[1] We granted defendant's application for leave to appeal, limiting the issues on appeal to the issues raised in the application and supporting brief. See *People v Dupree*, unpublished order of the Court of Appeals, entered October 9, 2019 (Docket No. 350386).

[2] Following our common practice, we will use the spelling "marijuana" unless directly quoting a statute. See *Braska v Challenge Mfg. Co.*, 307 Mich App 340, 365 n 1; 837 NW2d 289 (2014).

internally possessing marijuana provided the driver is not "under the influence."[3] Defendant argued that, under the MMMA, a medical marijuana card holder cannot be convicted of OWVI if marijuana was the substance impairing him or her. Rather, the MMMA required the prosecution to prove that defendant was *under the influence* of marijuana when he was driving, a higher standard than visibly impaired. The trial court disagreed, and defendant entered a conditional no-contest plea to OWVI. This Court granted leave to appeal on the issue whether the MMMA allows a registered patient to be convicted of OWVI.

## II. ANALYSIS

This case involves the interplay between the MMMA and Michigan's motor vehicle code, MCL 257.1 *et seq*. Accordingly, this appeal involves issues of statutory interpretation, which are questions of law that we review de novo. *Braska v Challenge Mfg. Co.*, 307 Mich App 340, 352; 861 NW2d 289 (2014).

> The primary goal of statutory interpretation is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute. If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted; the statute must be enforced as written. Regarding voter-initiated statutes such as the MMMA, the intent of the electors governs the interpretation of the statute. The statute's plain language is the most reliable evidence of the electors' intent. [*Id.* (quotation marks and citations omitted).]

In *People v Kolanek*, 491 Mich 382, 393-394; 817 NW2d 528 (2012), our Supreme Court recounted the implementation of the MMMA:

> The MMMA was proposed in a citizen's initiative petition, was elector-approved in November 2008, and became effective December 4, 2008. The purpose of the MMMA is to allow a limited class of individuals the medical use of marijuana, and the act declares this purpose to be an "effort for the health and welfare of [Michigan] citizens." To meet this end, the MMMA defines the parameters of legal medical-marijuana use, promulgates a scheme for regulating registered patient use and administering the act, and provides for an affirmative defense, as well as penalties for violating the MMMA. [Quoting MCL 333.26422(c); alteration in original; first citation omitted.]

The *Kolanek* Court explained that, when reviewing the MMMA, the "goal is to ascertain and give effect to the intent of the electorate, rather than the Legislature, as reflected in the language of the law itself." *Id*. at 397.

The *Kolanek* Court set forth basic principles behind sections of the MMMA. For example, Section 4 of the MMMA allows a qualifying patient who has been issued or possesses a registry

---

[3] MCL 333.26427(b)(4) states that the MMMA "does not permit any person to . . . [o]perate, navigate, or be in actual physical control of any motor vehicle . . . while under the influence of marihuana."

identification card to use marijuana as a medical treatment. *Id*. at 394-396; see MCL 333.26424. This section grants qualifying patients broad immunity from prosecution. *Kolanek*, 491 Mich at 394-396. Section 7 of the MMMA on the other hand, prohibits specific acts that negate immunity. *Id*. at 399-400; see MCL 333.26427. More specifically, and as relevant herein, § 7 does not permit any person to " '[o]perate, navigate, or in be in actual physical control of any motor vehicle . . . while under the influence of marihuana.' " *Kolanek*, 491 Mich at 400, quoting MCL 333.26427(b)(4).[4] As this Court has previously observed,

> The MMMA also contains a broadly worded provision to ensure that qualifying individuals who adhere to the terms of the MMMA do not suffer penalties for their use of marijuana for medicinal purposes. Specifically, MCL 333.26427(e) provides "[a]ll other acts and parts of acts inconsistent with this act do not apply to the medical use of marihuana as provided for by this act." Thus, to the extent another law would penalize an individual for using medical marijuana in accordance with the MMMA, that law is superseded by the MMMA. [*Braska*, 307 Mich App at 355, citing *People v Koon*, 494 Mich 1, 8-9; 832 NW2d 724 (2013).]

Our state's motor vehicle code prohibits individuals from operating motor vehicles under certain circumstances. The OWI statute, MCL 257.625(1), prohibits a person from operating a motor vehicle "if the person is operating while intoxicated." The OWVI statute, MCL 257.625(3), prohibits a person from operating a motor vehicle when, "due to the consumption of alcoholic liquor, a controlled substance, or other intoxicating substance, or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance, the person's ability to operate the vehicle is visibly impaired." To obtain a conviction of OWVI, "the prosecution must present evidence to establish beyond a reasonable doubt that consumption of [a listed substance] weakened or reduced the defendant's ability to drive such that the defendant drove with less ability than would an ordinary, careful, and prudent driver." *People v Mikulen*, 324 Mich App 14, 22; 919 NW2d 454 (2018). OWVI is a lesser included offense of OWI. See *People v Lambert*, 395 Mich 296, 305; 235 NW2d 338 (1975).

The *Lambert* Court provided sample jury instructions that trial courts could give to explain the difference between OWI and OWVI:

> The distinction between the crime of driving under the influence of intoxicating liquor and the lesser included offense of driving while ability is visibly impaired is the degree of intoxication which the people must prove.
>
> To prove driving under the influence of intoxicating liquor, the people must prove that defendant's ability to drive was substantially and materially affected by consumption of intoxicating liquor.

---

[4] In addition to the immunity granted to qualifying patients in § 4, § 8 of the MMMA states that a patient " 'may assert the medical purpose for using marihuana as a defense to any prosecution involving marihuana,' " subject to the limitations in § 7. *Kolanek*, 491 Mich at 396-397, quoting MCL 333.26428(a).

> To prove driving while ability is visibly impaired, the people must prove that defendant's ability to drive was so weakened or reduced by consumption of intoxicating liquor that defendant drove with less ability than would an ordinary, careful and prudent driver. Such weakening or reduction of ability to drive must be visible to an ordinary, observant person. [*Id*. (quotation marks omitted); see also *Mikulen*, 324 Mich App at 22-23.]

According to the *Mikulen* Court, the Legislature created the offense of OWVI, "to address those situations in which a defendant's level of intoxication and resulting impairment does not suffice to establish OWI, yet the defendant still presents a danger to the public because his or her ability to operate the vehicle is visibly impaired." *Mikulen*, 324 Mich App at 22-23 (quotation marks omitted).

In *Koon*, our Supreme Court examined the interplay between the MMMA and our state's motor vehicle code. The defendant in *Koon* was charged with operating a motor vehicle with the presence of a schedule 1 controlled substance—marijuana—in his body under MCL 257.625(8), a zero-tolerance provision.[5] *Koon*, 494 Mich at 3, 5. The defendant argued, however, that the MMMA's immunity provision prevented a registered patient's prosecution unless the patient drove " 'under the influence' " of marijuana. *Id*. at 4, quoting MCL 333.26427(b)(4). The defendant additionally argued that "the MMMA resolves conflicts between all other acts and the MMMA by exempting the medical use of marijuana from the application of any inconsistent act." *Koon*, 494 Mich at 4.

The *Koon* Court held that the MMMA was "inconsistent with, and therefore supersedes," the zero-tolerance provision, MCL 257.625(8). *Koon*, 494 Mich at 8-9. As to the meaning of the phrase "under the influence," MCL 333.26427(b)(4), the *Koon* Court explained:

> The MMMA, however, does not define what it means to be "under the influence" of marijuana. While we need not set exact parameters of when a person is "under the influence," we conclude that it contemplates something more than having any amount of marijuana in one's system and requires some effect on the person. Thus, taking the MMMA's provisions together, the act's protections extend to a registered patient who internally possesses marijuana while operating a vehicle unless the patient is under the influence of marijuana. In contrast, the Michigan Vehicle Code's zero-tolerance provision prohibits the operation of a motor vehicle

---

[5] MCL 257.625(8) provides as follows:

> A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person has in his or her body any amount of a controlled substance listed in schedule 1 under section 7212 of the public health code, 1978 PA 368, MCL 333.7212, or a rule promulgated under that section, or of a controlled substance described in section 7214(a)(*iv*) of the public health code, 1978 PA 368, MCL 333.7214.

by a driver with an infinitesimal amount of marijuana in his or her system even if the infinitesimal amount of marijuana has no influence on the driver.

> The immunity from prosecution provided under the MMMA to a registered patient who drives with indications of marijuana in his or her system but is not otherwise under the influence of marijuana inescapably conflicts with the Michigan Vehicle Code's prohibition against a person driving with any amount of marijuana in his or her system. When the MMMA conflicts with another statute, the MMMA provides that "[a]ll other acts and parts of acts inconsistent with [the MMMA] do not apply to the medical use of marihuana . . . ." Consequently, the Michigan Vehicle Code's zero-tolerance provision, MCL 257.625(8), which is inconsistent with the MMMA, does not apply to the medical use of marijuana. [*Koon*, 494 Mich at 6-7 (citations omitted; alterations and ellipsis in original).]

In footnote 14, the *Koon* Court also explained that "under the influence" is a term of art used throughout the motor vehicle code. *Id*. at 6 n 14. According to the *Koon* Court, *Black Law's Dictionary* defines "under the influence" as "deprived of clearness of mind and self-control because of drugs or alcohol." *Id*. (quotation marks omitted).[6]

Examination of this Court's decision in *Braska* reveals a similar analytical framework when considering the interplay between statutes and the MMMA. In *Barska*, this Court was tasked with determining whether the MMMA precluded recovery of unemployment benefits by a person testing positive for marijuana who also possessed a valid MMMA registration card. As was the case in *Koon*, in *Braska*, the person claiming the benefit of the MMMA was simply found to have marijuana in his system, which at the time constituted a disqualifying event under MCL 421.29(1)(m). This Court held, in the absence of any evidence that the claimant's use of medical marijuana was not in conformance with the terms of the MMMA, that the "denial of benefits constituted an improper penalty for the medical use of marijuana under the MMMA… ." *Braska*, 307 Mich App at 365.

The *Koon* and *Braska* Courts made clear that in the absence of any evidence of an impairment as a result of marijuana usage, the MMMA affords certain protections to defendants in criminal cases and to claimants in unemployment cases. The decisions in *Koon* and *Braska* also stand for the proposition that where a statute is inconsistent with the MMMA, the MMMA supersedes that statute. *Koon*, 491 Mich at 8-9; *Braska*, 307 Mich App at 365. Here, defendant argues that our Supreme Court's holding in *Koon* only allows for an OWI conviction for persons holding a valid MMMA registration card if they are shown to be "under the influence." We do not read *Koon* to compel such a holding.

In order to ascertain whether, in a prosecution for OWI based on the consumption of marijuana, the state must prove that a defendant is "under the influence" of marijuana, as that phrase is defined in the Michigan motor vehicle code, we determine whether that phrase means

---

[6] Although the *Koon* Court cited the ninth edition of Black's Law Dictionary, the eleventh edition reflects an identical definition. *Black's Law Dictionary* (11th ed).

the same thing in § 7 of the MMMA, MCL 333.26427(b)(4), as it does in the OWI statute, MCL 257.625(1)(a).

We concur with the state's argument that if the Legislature had enacted the MMMA, defendant's argument would have substantial merit because the Legislature would have presumably known and adopted the motor vehicle code's definition of "under the influence." See *Koon*, 494 Mich at 6 n 14 (explaining that "under the influence" is a term of art in the motor vehicle code); see also *People v Riddle*, 467 Mich 116, 126; 649 NW2d 30 (2002) (explaining that when the Legislature borrows a term of art, "it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed."). But the Legislature did not approve the MMMA; the electorate did. *Kolanek*, 491 Mich at 397. Therefore, the MMMA's words must be interpreted through their ordinary and plain meaning as understood by the electors. *Id.* As the disagreement about the phrase's meaning among the parties in this case indicates, the meaning of "under the influence" in the MMMA, MCL 333.26427(b)(4), as the electors would have understood it, is ambiguous. See *People v Hall*, 499 Mich 446, 454; 884 NW2d 561 (2016) (explaining that "[a] statute is ambiguous if . . . the text is equally susceptible to more than one meaning."). Our Supreme Court alluded to this ambiguity in *Koon* when, as we have previously quoted, it stated that "under the influence" means "*something* more than having any amount of marijuana in one's system . . . ," but declined to adopt a definition. *Koon*, 494 Mich at 6 (emphasis added). Therefore, further judicial construction is permitted. See *Braska*, 307 Mich App at 352.

Although the *Koon* Court did not define what was specifically required to meet this higher threshold, the *Koon* Court did state that "under the influence" "requires *some* effect on the person." *Koon*, 494 Mich at 6 (emphasis added). As previously stated, to be convicted of OWVI, the prosecution must prove that a driver had "less ability than an ordinary, careful and prudent driver" because he or she internally possessed a listed substance. *Mikulen*, 324 Mich App at 22. In accord with our Supreme Court's statement in *Koon*, here, in order to obtain a conviction of OWVI, the state must demonstrate that defendant's ingestion of marijuana had *some* effect on him such that it lowered his ability to operate a vehicle. It is also important to note that the *Koon* Court did not use the phrase "substantially and materially affected," which would have mirrored the level of impairment the state must prove to convict a defendant of OWI. See *Koon*, 494 Mich at 6; see also *Lambert*, 395 Mich at 305. This choice of phrase—both explicit and implicit—appears telling as to the *Koon* Court's understanding of the MMMA and its interaction with the motor vehicle code. When the *Koon* Court stated that "under the influence" requires "some effect on the driver," it choose not to apply the "substantially and materially" standard that would have indicated an adoption within the MMMA of "under the influence" as defined in the OWI statute. Therefore, although the *Koon* Court held that the plain text of the MMMA reflects the electors' intent to allow for registered patients to internally possess marijuana, it did not state—as defendant argues—that the electors' intended that a registered patient who internally possesses marijuana be immune from prosecution of OWVI. See *Koon*, 494 Mich at 6-7.

To the contrary, our Supreme Court has appeared, in light of marijuana legalization, to treat marijuana as if the electors intended that marijuana be treated similar to alcohol. See *id.* at 8. A person can be convicted of OWVI for alcohol use. MCL 257.625(3). Similarly, the zero-tolerance provision, which the *Koon* Court held does not apply to the medical use of marijuana, *Koon*, 494

Mich at 7, does not apply to alcohol. See MCL 257.625(8). Hence, as previously alluded to, defendant's reading of the MMMA would require this Court to conclude that the electors' intent was to give registered patients internally possessing marijuana greater protections than average citizens internally possessing alcohol. The language of the MMMA is devoid of such language, and defendant presents no evidence that would lead us to conclude this was the electors' intent.

Rather, our reading § 7 of the MMMA leads us to conclude that the limitations on immunity appear to be situations in which public safety or public health intersect with a registered patient's use of medical marijuana. For example, registered patients cannot smoke marijuana in any public place or on public transportation, MCL 333.26427(b)(3), and they cannot "[u]ndertake any task under the influence of marihuana, when doing so would constitute negligence," MCL 333.26427(b)(1). Because a driver operates a vehicle while visibly impaired if they drive with "less ability than would an ordinary, careful and prudent driver," the driver puts public safety at risk by doing so. *Mikulen*, 324 Mich App at 22. In short, a driver operating while visibly impaired appears to do so negligently, in violation of MCL 333.26427(b)(1). Therefore, we discern no intent within the MMMA to immunize the visibly impaired driver from prosecution.

This connection mirrors what this Court has held was the Legislature's intent in passing the OWVI statute: to allow the government to protect the public from a driver when his or her "level of intoxication and resulting impairment does not suffice to establish OWI, yet the defendant *still presents a danger to the public* because his or her ability to operate the vehicle is visibly impaired." *Mikulen*, 324 Mich App at 22-23 (quotation marks omitted; emphasis added). Moreover, the MMMA itself declares that its purpose is "to be an 'effort for the health and welfare of [Michigan] citizens.'" *Kolanek*, 491 Mich at 394, quoting MCL 333.26422(c) (alteration in original).[7] MCL 333.26422(c) appears to be direct evidence that the electors' intent in passing the

---

[7] MCL 333.26422 provides as follows:

Findings.

The people of the State of Michigan find and declare that:

(a) Modern medical research, including as found by the National Academy of Sciences' Institute of Medicine in a March 1999 report, has discovered beneficial uses for marihuana in treating or alleviating the pain, nausea, and other symptoms associated with a variety of debilitating medical conditions.

(b) Data from the Federal Bureau of Investigation Uniform Crime Reports and the Compendium of Federal Justice Statistics show that approximately 99 out of every 100 marihuana arrests in the United States are made under state law, rather than under federal law. Consequently, changing state law will have the practical effect of protecting from arrest the vast majority of seriously ill people who have a medical need to use marihuana.

(c) Although federal law currently prohibits any use of marihuana except under very limited circumstances, states are not required to enforce federal law or prosecute people for engaging in activities prohibited by federal law. The laws of Alaska, California, Colorado, Hawaii, Maine, Montana, Nevada, New Mexico,

MMMA was the improvement of health and safety of *citizens*, not just registered patients. Defendant's theory that the MMMA precludes registered patients from being convicted of OWVI would put ordinary citizens and registered patients alike in danger because registered patients would be allowed to drive with "less ability than the ordinary, careful, and prudent driver" without fear of prosecution. See *Mikulen*, 324 Mich App at 22-23.

In sum, we conclude that the MMMA does not supersede the OWVI statute. "Under the influence" as used in MCL 333.26427(b)(4) is not limited in meaning to how that phrase is understood with regard to the OWI statute, MCL 257.625(1). A person may be considered "under the influence" of marijuana if it can be shown that consumption of marijuana had "some effect on the person," *Koon*, 494 Mich at 6, such that it "weakened or reduced the defendant's ability to drive such that the defendant drove with less ability than would an ordinary, careful, and prudent driver." *Mikulen*, 324 Mich App at 22.

Because we affirm on these grounds, we need not address the prosecution's alternative grounds for affirmance.

Affirmed.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Jane E. Markey

---

Oregon, Vermont, Rhode Island, and Washington do not penalize the medical use and cultivation of marihuana. Michigan joins in this effort for the health and welfare of its citizens.