*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSEPH CHARLES BUSHRE,

        Defendant-Appellant.

UNPUBLISHED
February 20, 2025
8:42 AM

No. 367337
Midland Circuit Court
LC No. 22-009015-FH

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of assault by strangulation, MCL 750.84(1)(b).[1] He was sentenced to serve 67 days in jail and two years' probation. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant and the victim are married, and they share a minor child. This case arose after the child called 911 reporting that defendant was hurting the victim. The victim and the child told responding police officers that defendant had strangled the victim after she refused to get up off the floor.

At trial, the victim and the child recanted their earlier statements to police. They testified that defendant never strangled the victim, and the victim specifically testified that she falsified the allegations against defendant. Defendant similarly testified that he never strangled the victim. The prosecution presented the child's earlier statements in the 911 recording as well as the victim's

---

[1] The jury acquitted defendant of one aggravated-domestic-violence charge, MCL 750.81a(2). The prosecution dismissed the count of assault with intent to do great bodily harm less than murder, MCL 750,84(1)(a), as well as a second count of aggravated domestic violence after the jury deadlocked on them.

-1-

and the child's earlier statements in bodycam footage from police officers. The jury convicted defendant of assault by strangulation, and defendant now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues there was insufficient evidence provided at trial that an assault occurred or that the victim was strangled. His argument primarily relies on the fact that the victim and the child contradicted their prior statements to police and denied any assault took place. We disagree.

## A. STANDARD OF REVIEW

"Due process requires the prosecutor to introduce evidence sufficient for a trier of fact to find the defendant guilty beyond a reasonable doubt." *People v Jarrell*, 344 Mich App 464, 480; 1 NW3d 359 (2022). This Court reviews insufficient-evidence claims de novo. *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019). In reviewing these challenges, this Court "defer[s] to the fact-finder's role in determining the weight of the evidence and the credibility of the witnesses and must resolve conflicts in the evidence in favor of the prosecution." *Jarrell*, 344 Mich App at 480 (quotation marks omitted). Circumstantial evidence and reasonable inferences arising from such evidence are sufficient to prove the elements of a crime. *People v Parkinson*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362683); slip op at 5.

## B. ANALYSIS

"The credibility of witnesses is a matter of weight, not sufficiency." *People v Baskerville*, 333 Mich App 276, 283; 963 NW2d 620 (2020) (quotation marks, brackets, and citation omitted). "Absent exceptional circumstances, issues of witness credibility are for the trier of fact." *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). "A jury is free to believe or disbelieve, in whole or in part, any of the evidence presented[,]" and "may choose to believe part of a witness's testimony and disbelieve another part of the same witness's testimony." *Baskerville*, 333 Mich App at 283-284 (quotation marks, brackets, and citation omitted). "[A]lthough it is sometimes appropriate for a court to remove a credibility assessment from the jury's consideration, those circumstances are extremely rare and require testimony that borders on being impossible." *Id*. at 283. "Otherwise, only the jury may determine the credibility of a witness or the weight to be afforded any evidence[.]" *Id*.

Both the victim and the child reported to police that defendant strangled the victim, and their versions were consistent. Their earlier statements were admitted at trial as substantive evidence of defendant's guilt. Based on this and other evidence, the jury found defendant guilty of assault by strangulation. There is nothing in the record suggesting the victim's and the child's prior statements were not credible as a matter of law. Therefore, there is no merit to defendant's argument that the jury convicted him on the basis of insufficient evidence.

## III. OV 3

Defendant next argues that the trial court incorrectly assessed Offense Variable (OV) 3 at five points. We disagree.

## A. STANDARD OF REVIEW

We review the factual basis for a trial court's assessment of offense variables for clear error. *People v Teike*, ___ Mich App ___, ___; ___ NW3d ___ (Docket No. 363705) (2023); slip op at 2. "Clear error is established when the appellate court is left with a firm and definite conviction that an error occurred." *People v Horton*, 345 Mich App 612, 616; 8 NW3d 622 (2023). We review de novo "whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *Teike*, ___ Mich App at ___; slip op at 2 (quotation marks and citation omitted). Similarly, "[w]e review de novo issues of statutory construction." *Id*. "Under the sentencing guidelines, the circuit court's factual determinations . . . must be supported by a preponderance of the evidence." *Id*. (quotation marks and citation omitted, ellipses in *Teike*).

## B. ANALYSIS

OV 3 concerns "physical injury to a victim." MCL 777.33(1). A court assesses OV 3 at five points if "[b]odily injury not requiring medical treatment occurred to a victim." MCL 777.33(a)(e). But, OV 3 cannot be assessed five points "if bodily injury is an element of the sentencing offense." MCL 777.33(2)(d).

On appeal, defendant argues (1) OV 3 could not be assessed five points because bodily injury was an element of the sentencing offense, and (2) there was no evidence the victim suffered bodily injury. Both of these arguments lack merit.

As to the first argument, defendant argues that "[i]t would seem pretty straightforward that bodily injury is a key element of the convicted offense[.]" The plain language of MCL 750.84(1)(b) and (2) does not support defendant's conclusory statement. Under MCL 750.84(1)(b), an individual commits assault by strangulation by "[a]ssault[ing] another person by strangulation or suffocation." The statute defines "strangulation or suffocation" to mean "intentionally impeding normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person." MCL 750.84(2). "Statutory interpretation begins with the text of the statutes, and effect must be given to every clause and sentence." *People v Hall*, 499 Mich 446, 453-454; 884 NW2d 561 (2016) (quotation marks and citation omitted). "When the Legislature has unambiguously conveyed its intent in a statute, . . . judicial construction is not permitted." *Id*. at 454 (quotation marks and citation omitted). The term "bodily injury" is not mentioned in MCL 750.84(1)(b) or (2). Because there is no bodily-injury requirement, the trial court properly assessed OV 3 at five points.

Moving to defendant's second argument, the record does not support defendant's claim that there was no evidence that the victim suffered bodily injury. "This Court has defined bodily injury as including anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v Johnson*, 342 Mich App 90, 95; 992 NW2d 668 (2022) (quotation marks and citation omitted). The record demonstrates that the victim reported feeling pain, being momentarily unable to breathe, and feeling lightheaded as a result of the strangulation. She also thought her face changed color during the strangulation. These are all "unwanted physically damaging consequence[s]." *Id*. Defendant argues there was no physical evidence of strangulation, but, not only is this not the only way the victim could have suffered "bodily injury," see *id*., one of the testifying police officers even explained that strangulation does

not always leave visible marks.  There was sufficient evidence of bodily injury in the record to support the trial court's assessment of OV 3 at five points.

        Affirmed.

                                            /s/ Michael F. Gadola
                                            /s/ Thomas C. Cameron
                                            /s/ Matthew S. Ackerman