FULICEA v STATE OF MICHIGAN

Docket No. 317283. Submitted November 14, 2014, at Lansing. Decided November 25, 2014, at 9:00 a.m.

Felix Fulicea and Kenneth Allen filed a class-action complaint in the Court of Claims against the state of Michigan and the Department of Corrections, alleging that defendants' denial of overtime compensation for services plaintiffs had performed outside normal work hours violated the Fair Labor Standards Act, 29 USC 201 *et seq*. Defendants moved for summary disposition under MCR 2.116(C)(4) on the ground that the court lacked subject-matter jurisdiction over the claims under MCL 600.6419(1)(a), and the court, James S. Jamo, J., granted the motion. Plaintiffs appealed.

The Court of Appeals *held*:

The Court of Claims has subject-matter jurisdiction over plaintiffs' statutory claims under MCL 600.6419(1)(a) as amended by 2013 PA 164, which applies retroactively.

Reversed and remanded.

JURISDICTION — COURT OF CLAIMS — SUBJECT-MATTER JURISDICTION — STATUTORY CLAIMS — RETROACTIVITY.

The amendment of MCL 600.6419(1)(a) that expanded the Court of Claims' jurisdiction to include statutory claims against the state applies retroactively to matters pending on appeal (MCL 600.6404(3)).

*Lippitt O'Keefe, PLLC* (by *Norman L. Lippitt* and *Daniel J. McCarthy*), for plaintiffs.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Matthew Schneider*, Chief Legal Counsel, and *Jeanmarie Miller*, Assistant Attorney General, for defendants.

Before: K. F. KELLY, P.J., and SAWYER and METER, JJ.

PER CURIAM. Plaintiffs appeal as of right from the Court of Claims' order granting defendants summary disposition for lack of subject-matter jurisdiction under MCR 2.116(C)(4). For the reasons stated below, we reverse and remand.

Plaintiffs, as employees of defendants, filed a class-action complaint for violations of the Fair Labor Standards Act (FLSA), 29 USC 201 *et seq.*, alleging that defendants denied them overtime compensation for services they were forced to perform outside their normal work hours. Defendants moved for summary disposition under MCR 2.116(C)(4), arguing that the court lacked subject-matter jurisdiction over plaintiffs' statutory claims under MCL 600.6419(1)(a), which provided that the Court of Claims had power and jurisdiction "[t]o hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments . . . ." The Court of Claims agreed that it did not have jurisdiction over plaintiffs' statutory claims and granted defendants' motion in June 2013.

After plaintiffs filed their claim of appeal in this Court, the Legislature enacted 2013 PA 164,[1] which amended several statutes affecting the Court of Claims, including MCL 600.6419(1)(a). MCL 600.6419(1)(a) now provides that the Court of Claims has power and jurisdiction "[t]o hear and determine any claim or demand, *statutory* or constitutional, liquidated or unliquidated, ex contractu or ex delicto, . . . against the state or any of its departments . . . ." (Emphasis added.) Plaintiff argues on appeal that the Court of Claims' order granting defendants summary disposition should be reversed and remanded under the current and previous version of MCL 600.6419(1)(a).

---

[1] 2013 PA 164 was given immediate effect on November 12, 2013.

We review de novo matters of statutory interpretation, as well as the decision to grant or deny a motion for summary disposition. *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012).

> When interpreting statutory language, our obligation is to ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute. When the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself, and judicial construction is not permitted. Because the proper role of the judiciary is to interpret and not write the law, courts simply lack authority to venture beyond the unambiguous text of a statute. [*Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002) (citations omitted).]

"Jurisdictional questions under MCR 2.116(C)(4) are questions of law," which are reviewed de novo. *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001).

" 'When a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly.' " *Detroit Mayor v Arms Technology, Inc*, 258 Mich App 48, 65; 669 NW2d 845 (2003), quoting *Plaut v Spendthrift Farm, Inc*, 514 US 211, 227; 115 S Ct 1447; 131 L Ed 2d 328 (1995) (discussing Congress's power to reverse the judgments of Article III courts). "In determining whether a statute should be applied retroactively or prospectively only, '[t]he primary and overriding rule is that legislative intent governs. All other rules of construction and operation are subservient to this principle.' " *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001) (citation omitted).

The Legislature clearly manifested its intent that the jurisdictional amendments be applied retroactively to

pending cases. Specifically, in the Legislature's simultaneous amendment to MCL 600.6404(3), it provided as follows:

> Beginning on the effective date [November 12, 2013] of the amendatory act that added this subsection [2013 PA 164], any matter within the jurisdiction of the court of claims described in section 6419(1) *pending* or later filed *in any court* must, upon notice of the state or a department or officer of the state, be transferred to the court of claims described in subsection (1). [MCL 600.6404(3) (emphasis added); 2013 PA 164.]

Because this case remains pending in this Court, in that a final decision on appeal has not been reached, and is "within the jurisdiction of the court of claims as described in section 6419(1)," as amended by 2013 PA 164, we conclude that plaintiffs' claims may not be dismissed for lack of subject-matter jurisdiction on the ground that they are statutory in nature, as the Court of Claims plainly possesses the power and jurisdiction to hear statutory claims under MCL 600.6419(1)(a). See MCL 600.6404(3); *Arms Technology, Inc*, 258 Mich App at 66.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

K. F. KELLY, P.J., and SAWYER and METER, JJ., concurred.