# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH BAYNESAN,

Plaintiff-Appellee,

v

WAYNE STATE UNIVERSITY,

Defendant-Appellant.

FOR PUBLICATION
August 4, 2016
9:05 a.m.

No. 326132
Court of Claims
LC No. 14-000262-MZ

Before: MARKEY, P.J., and K. F. KELLY and O'BRIEN, JJ.

PER CURIAM.

Defendant Wayne State University (WSU) appeals by leave granted an order of the Court of Claims transferring plaintiff Joseph Baynesan's claim under the Whistleblower's Protection Act (WPA), MCL 15.361 *et seq*., from the Court of Claims back to the Wayne Circuit Court. This Court limited the appeal to the issues raised in the application and supporting brief, "as well as the question whether the construction of the Court of Claims Act as advocated by appellant violates plaintiff's jury trial right." *Baynesan v Wayne State Univ*, unpublished order of the Court of Appeals, entered July 7, 2015 (Docket No. 326132). We affirm the Court of Claims on the limited basis that it did not abuse its discretion by transferring this action back to the Wayne Circuit Court in the exercise of its inherent authority to control its docket and sanction litigants. See *Banta v Serban,* 370 Mich 367, 368; 121 NW2d 854 (1963).

## I. FACTS AND PROCEEDINGS

In December of 2012, plaintiff filed a two-count complaint in the Wayne Circuit Court which alleged a violation of the WPA, seeking money damages and a public policy tort claim seeking equitable relief. Regarding the latter claim, plaintiff sought to be returned to his former position with WSU and an injunction prohibiting WSU from committing any further actions of retaliation or discrimination. Defense counsel then notified plaintiff that the Court of Claims, and not the Wayne Circuit Court, had jurisdiction over his public policy tort claim. Upon stipulation of the parties and by order entered on March 18, 2013, the circuit court dismissed the public policy tort claim of plaintiff's complaint.

Plaintiff subsequently filed his tort claim in the Court of Claims, then residing in the Ingham Circuit Court. Plaintiff also filed a motion to join the tort action with the WPA action still pending in Wayne Circuit Court. The Court of Claims, by order of June 19, 2013, granted

-1-

the motion, directing that plaintiff's tort claim be joined with the WPA action in the Wayne Circuit Court.

In late 2013, 2013 PA 164 became law. The act amended several statutes pertaining to the Court of Claims to enlarge its jurisdiction and to transfer the Court of Claims to the Michigan Court of Appeals. See *Fulicea v State of Michigan*, 308 Mich App 230, 231; 863 NW2d 385 (2014); *Okrie v State of Michigan*, 306 Mich App 445, 449; 857 NW2d 254 (2014). As amended, MCL 600.6419(1)(a) conferred jurisdiction on the Court of Claims, in part, "[t]o hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court." Moreover, the act created a new mechanism for the transfer of cases pending before the circuit court to the Court of Claims. This mechanism is codified in MCL 600.6404(3), and provides in part:

> Beginning on the effective date of the amendatory act that added this subsection [November 12, 2013], any matter within the jurisdiction of the court of claims described in section 6419(1) [MCL 600.6419(1)] pending or later filed in any court must, upon notice of the state or a department or officer of the state, be transferred to the court of claims described in subsection (1). The transfer shall be effective upon the filing of the transfer notice. . . .

In December of 2013, 2013 PA 205 became law. This amendatory act preserved the rights of parties to secure jury trials in actions that now came within the jurisdiction of the Court of Claims in light of the expanded jurisdiction conferred on the Court of Claims by 2013 PA 164. As amended by 2013 PA 205, MCL 600.6421 provides in part:

> (1) Nothing in this chapter eliminates or creates any right a party may have to a trial by jury, including any right that existed before November 12, 2013. Nothing in this chapter deprives the circuit, district, or probate court of jurisdiction to hear and determine a claim for which there is a right to a trial by jury as otherwise provided by law, including a claim against an individual employee of this state for which there is a right to a trial by jury as otherwise provided by law. Except as otherwise provided in this section, if a party has the right to a trial by jury and asserts that right as required by law, the claim may be heard and determined by a circuit, district, or probate court in the appropriate venue.
>
> (2) For declaratory or equitable relief or a demand for extraordinary writ sought by a party within the jurisdiction of the court of claims described in section 6419(1) and arising out of the same transaction or series of transactions with a matter asserted for which a party has the right to a trial by jury under subsection (1), unless joined as provided in subsection (3), the court of claims shall retain exclusive jurisdiction over the matter of declaratory or equitable relief or a demand for extraordinary writ until a final judgment has been entered, and the matter asserted for which a party has the right to a trial by jury under subsection

(1) shall be stayed until final judgment on the matter of declaratory or equitable relief or a demand for extraordinary writ.

(3) With the approval of all parties, any matter within the jurisdiction of the court of claims described in section 6419(1) may be joined for trial with cases arising out of the same transaction or series of transactions that are pending in any of the various trial courts of the state. A case in the court of claims that has been joined with the approval of all parties shall be tried and determined by the judge even though the trial court action with which it may be joined is tried to a jury under the supervision of the same trial judge.

(4) Except as provided in subsection (5)[1], the court of claims' jurisdiction in a matter within its jurisdiction as described in section 6419(1) and pending in any circuit, district, or probate court on November 12, 2013 is as follows:

(a) If the matter is not transferred under section 6404(3), the jurisdiction of the court of claims is not exclusive and the circuit, district, or probate court may continue to exercise jurisdiction over that matter.

(b) If the matter is transferred to the court of claims under section 6404(3), the court of claims has exclusive jurisdiction over the matter, subject to subsection (1).

Despite these late 2013 changes in the law, the parties continued to litigate plaintiff's claims in the Wayne Circuit Court through most of 2014. Then, with a final pretrial conference scheduled for November 5, 2014 and a jury trial scheduled for December 1, 2014, WSU filed a "Notice of Transfer to Court of Claims" on November 3, 2014, notifying plaintiff and the circuit court that it was transferring the entire case to the Court of Claims "pursuant to MCL 600.6404(3), as amended by 2013 PA 164."

On November 4, 2014, plaintiff filed an emergency motion in the Court of Claims to transfer the case back to the Wayne Circuit Court and for sanctions. The Court of Claims heard oral arguments on the motion on January 12, 2015, and granted plaintiff's motion for transfer by opinion and order entered on January 30, 2015. After relating the case's procedural history and the changes in the law by 2013 PA 164 and 2013 PA 205, the Court of Claims opined in part:

The parties continued to litigate the matter in the Wayne Circuit Court until November 3, 2014, when defendant filed a notice of transfer pursuant to MCL 600.6404(3), transferring the matter to this Court. The Court finds that doing so was inappropriate and impermissible, for two reasons. First, although the Court recognizes, and plaintiff concedes, that MCL 600.6404(3) does not have

_____

[1] Subsection 5 refers to the transfer of cases pending in the court of claims, pursuant to MCL 600.6404(2), at the time the court of claims was transferred from the Ingham circuit court to the Court of Appeals. This provision is not at issue in this case.

a time limit, defendant's act of continuing to litigate the matter in the Wayne Circuit Court for *almost a year* after the option of transferring to this Court became possible and known constitutes an unequivocal act of approval to the matter being joined for trial in that court. MCL 600.6421(3) does not require any particular manner of expressing approval; under the circumstances, the Court finds that such approval was clearly and unambiguously expressed. That statute therefore provides that the action therefore "shall be tried and determined by the judge even though the trial court action with which it may be joined is tried to a jury under the supervision of the same trial judge." MCL 600.6421(3).

The Court of Claims continued, making comments on the new legislation, and noting "that the Legislature could [not] have intended to permit parties to have an unrestricted ability to forum-shop at their convenience with no regard to the effect thereof on other parties, the efficient administration of the involved courts, the pursuit of justice[.]" The Court of Claims continued:

> Having elected to remain in the Wayne Circuit Court for almost a year, defendant committed itself to that venue, and the notice of transfer was untimely and impermissible because by the time it was filed, MCL 600.6421(3) has already established that the matter *shall* be heard in the Wayne Circuit Court. Therefore, MCL 600.6421(4)(b) never became effective. The Court does not purport to be able to say with certainty "how long is too long" for a party to wait, but this was clearly beyond the pale. The Court declines, however, to speculate that defendant's transfer was motivated by any improper purpose under MCR 2.114(D)(3) and chooses instead to believe that defendant's counsel believed that transfer was allowed. The Court will not sanction an honest error, although the Court trusts counsel is now fully apprised of the error and will not attempt to repeat it.

The Court of Claims went on to discuss the effect of a hypothetically timely filed request for a transfer to the Court of Claims, which we decline to address as a court should not decide hypothetical issues. See *Huntington Woods v Detroit*, 279 Mich App 603, 616; 761 NW2d 127 (2008). We address only the Court of Claims' determination that on the facts and circumstances of this case, WSU's request for transfer was untimely and ineffective.

## II. STANDARDS OF REVIEW

Both jurisdictional issues and matters of statutory interpretation are reviewed de novo. *Fulicea*, 308 Mich App at 232. The Court also reviews constitutional issues de novo. *Bonner v City of Brighton*, 495 Mich 209, 221; 848 NW2d 380 (2014).

The goal of construction and interpretation of a statute is to discern and give effect to the intent of the Legislature. *Id*. at 222. " '[O]ur obligation is to ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute. When the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself, and judicial construction is not permitted.' " *Fulicea*, 308 Mich App at 232, quoting *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002).

In this case, the Court of Claims was acting as a trial court. A trial court has the inherent authority to control its own docket. *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006) ("trial courts possess the inherent authority . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); see also *Brenner v Kolk*, 226 Mich App 149, 158-160, n 5; 573 NW2d 65 (1997). "An exercise of the court's 'inherent power' may be disturbed only upon a finding that there has been a clear abuse of discretion." *Brenner*, 226 Mich App at 160. An abuse of discretion occurs when a court chooses an outcome outside the range of principled outcomes. *Maldonado*, 476 Mich at 376.

A trial court's findings of fact are reviewed for clear error. MCR 2.613(C). "A finding is clearly erroneous if, after reviewing the entire record, we are left with the definite and firm conviction that a mistake was made." *Loutts v Loutts*, 298 Mich App 21, 26; 826 NW2d 152 (2012).

## III. DISCUSSION

Pursuant to the plain terms of the amended § 6419(1)(a), the Court of Claims has jurisdiction of both plaintiff's statutory WPA claim for money damages and his claim for equitable relief. In analyzing the jurisdictional issues of this case, we note that our Supreme Court has held that a plaintiff has a right to a jury trial regarding a WPA money damages claim, but no such right exists with respect to a claim for equitable relief. *Anzaldua v Band*, 457 Mich 530, 538 n 6, 541-543, 553-554; 578 NW2d 306 (1998). This is important because § 6419(1) provides that "[e]xcept as provided in sections 6421 and 6440, the jurisdiction of the Court of Claims, as conferred upon it by this chapter, is exclusive." But as noted already, § 6421 provides, "if a party has the right to a trial by jury and asserts that right as required by law, the claim may be heard and determined by a circuit, district, or probate court in the appropriate venue." MCL 600.6421(1). Furthermore, "[w]ith the approval of all parties, any matter within the jurisdiction of the Court of Claims described in section 6419(1) may be joined for trial with cases arising out of the same transaction or series of transactions that are pending in any of the various trial courts of the state." MCL 600.6421(3). Thus, under these statutory provisions, the Court of Claims and the Wayne Circuit Court had concurrent jurisdiction of both plaintiff's WPA damages claim and his claim for equitable relief "[w]ith the approval of all parties[.]" *Id*.

We agree with the Court of Claims that no formalistic approval is required to invoke joinder under § 6421(3), and that by continuing in the Wayne Circuit Court for almost year with pretrial proceedings after the statutory right of removal under § 6404(3) came into existence, WSU tacitly and via its conduct approved of the continuing jurisdiction of the Wayne Circuit Court for a trial of both plaintiff's jury claim for money damages and his claim for equitable relief. This joinder under § 6404(3) defeated the exclusive jurisdiction of the Court of Claims as to plaintiff's claim for equitable relief. MCL 600.6419(1); MCL 600.6421(2).

When, on November 3, 2014, WSU filed a "Notice of Transfer to Court of Claims," under the plain terms of MCL 600.6404(3), as amended by 2013 PA 164, the transfer of plaintiff's case became "effective upon the filing of the transfer notice." A transfer of a matter to the Court of Claims is mandated under the statute if (1) the matter is within the jurisdiction of the Court of Claims; (2) the matter was pending on or is filed after the effective date of the amendatory act, and (3) a notice of transfer is filed. With regard to the first requirement, we note

that § 6404(3) requires only that the matter subject to transfer be within the "jurisdiction of the court of claims," as opposed to within the "exclusive jurisdiction" of the Court of Claims, the latter phrase being employed in other sections of the Court of Claims Act but not in § 6404(3). Thus, the first requirement may be satisfied so long as the matter is subject to the Court of Claims concurrent jurisdiction, i.e., it is a matter subject to the Court of Claims' jurisdiction but also subject to a jury trial right. In this case, there is no dispute that plaintiff's claims were pending in the Wayne Circuit Court at the time the amendatory act became effective on November 12, 2013. There also can be no dispute that plaintiff's claims fall within the expanded jurisdiction of the Court of Claims as provided in the amended MCL 600.6419(1)(a), "[t]o hear and determine any claim or demand, *statutory* or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for *monetary*, *equitable* or declaratory relief . . . against the state or any of its departments or officers." (Emphasis added). Thus, pursuant to the clear and unambiguous terms of § 6404(3), WSU's filing of its notice under that section transferred plaintiff's entire case to the Court of Claims, which then had jurisdiction over plaintiff's emergency motion to return the case to the Wayne Circuit Court.

If the notice of transfer were indeed valid, then the Court of Claims obtained "exclusive jurisdiction over the matter, subject to subsection (1)." MCL 600.6421(4)(b). Subsection (1) of § 6421, MCL 600.6421(1), preserves the existing right to a jury trial that accompanies any claim now under the expanded jurisdiction of the Court of Claims, as well as the right of another court, such as the circuit court, to hear and determine those claims for which the right to a jury trial is required by law. Thus, when a matter is transferred to the Court of Claims under§ 6404(3), the otherwise exclusive jurisdiction of the Court of Claims, see § 6419(1) and § 6421(4)(b), becomes concurrent with the circuit court, among other courts, with respect to matters to which "a party has the right to a trial by jury and asserts that right as required by law[.]" MCL 600.6421(1). Because plaintiff's WPA claim for damages is subject to the right of trial by jury, *Anzaldua*, 457 Mich at 554, which right plaintiff asserted, the circuit court would retain concurrent jurisdiction over that part of plaintiff's claim. But plaintiff's claim for equitable relief would remain in the exclusive jurisdiction of the Court of Claims pursuant to MCL 600.6421(2). Furthermore, the claim for equitable relief in the Court of Claims must be resolved first. Until the equitable claim is resolved, the claim for damages pending a jury trial in the court of concurrent jurisdiction is stayed. *Id*. ("[T]he matter asserted for which a party has the right to a trial by jury . . . shall be stayed until final judgment on the matter of declaratory or equitable relief . . . .").

On the other hand, if WSU's notice of transfer pursuant to § 6404(3) is ineffective, then, as already discussed, pursuant to MCL 600.6421(1) and (3), plaintiff's WPA claim for money damages and his claim for equitable relief remain joined and within the concurrent jurisdiction of the circuit court. Indeed, MCL 600.6421(4)(b) specifically provides: "If the matter is not transferred under section 6404(3), the jurisdiction of the court of claims is not exclusive and the circuit, district, or probate court may continue to exercise jurisdiction over that matter."

The Court of Claims ruled that WSU's notice was ineffective because it was not timely filed and would, if allowed to stand, foster gamesmanship and forum-shopping detrimental to the administration of justice. To the extent these findings are factual, we see they are supported by the record. Consequently, on appeal we are not left with the definite and firm conviction that a mistake was made. *Loutts*, 298 Mich App at 26. The Court of Claims' findings are thus not clearly erroneous. MCR 2.613(C).

We also conclude that the Court of Claims' determination that the transfer notice was ineffective was within the inherent authority of a court to "impose sanctions appropriate to contain and prevent abuses so as to ensure the orderly operation of justice." *Maldonado*, 476 Mich at 375. "This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 376. While such cases often involve the dismissal of an action, see *id.*; *Banta*, 370 Mich at 368; *Brenner*, 226 Mich App at 154-155, in this case, there was no drastic sanction; the court merely ordered the case returned to the court that WSU had already, by its conduct, consented to the litigation of all issues presented by plaintiff's complaint. MCL 600.6404(3). Under these circumstances, we cannot conclude that the Court of Claims abused its discretion because the court's decision was within the range of principled outcomes. *Maldonado*, 476 Mich at 376.

We affirm.

/s/ Jane E. Markey
/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien