**S T A T E   O F   M I C H I G A N**
**C O U R T   O F   A P P E A L S**

RONALD L. NELSON and BEVERLY NELSON,

        Plaintiffs-Appellants-Cross-
        Appellees,

v

DUANE L. RENNER and MARY LOUISE
RENNER as CO-TRUSTEES OF THE RENNER
FAMILY LIVING TRUST DATED JUNE 21,
1997, and JOHN GRIFFIN and SCHMIDT REAL
ESTATE, INC.,

        Defendants-Appellees-Cross-
        Appellants,

and

CHIPPEWA OTTAWA RESOURCE
AUTHORITY ON BEHALF OF THE GRAND
TRAVERSE BAND OF OTTAWA AND
CHIPPEWA INDIANS, THE BAY MILLS
INDIAN COMMUNITY, and SAULT STE.
MARIE TRIBE OF CHIPPEWA INDIANS,

        Defendants-Appellees,

and

EDWIN D. DUTCHER, SANDRA DUTCHER,
JAMES A. HAMEL, and JODI HAMEL,

        Defendants.

UNPUBLISHED
October 12, 2017

No. 332948
Mackinac Circuit Court
LC No. 2009-006774-CH

Before: K. F. KELLY, P.J., and BECKERING and RIORDAN, JJ.

PER CURIAM.

       Plaintiffs-appellants/cross-appellees Ronald and Beverly Nelson (plaintiffs) appeal by right an order dismissing their amended complaint without prejudice. Finding no basis in law for the trial court's actions, we reverse and remand for further proceedings. Specifically, we instruct

-1-

the trial court to address and decide the substantive motions that were pending at the time it dismissed plaintiffs' suit.

## I. BASIC FACTS

Plaintiffs purchased property from defendants-appellees/cross-appellants Duane and Mary Louise Renner, as co-trustees of the Renner Family Living Trust (the Renner Trust), in a deal brokered by defendants-appellees/cross-appellants John Griffin and Schmidt Real Estate, Inc. (real estate defendants). Plaintiffs' amended complaint alleged that the Renner Trust and the real estate defendants misrepresented the boundary lines to plaintiffs' detriment. Specifically, plaintiffs allege that Griffin told them that they could utilize a dock on a pier shared with their neighbors to the north, defendant-appellee Chippewa Ottawa Resource Authority (CORA). The land occupied by CORA was owned by the United States, and held in trust for defendants Bay Mills Indian Community, the Grand Traverse Band of Ottawa and Chippewa Indians, and the Sault Ste. Marie Tribe of Chippewa Indians.

In their amended complaint, plaintiffs alleged: breach of contract by the Renners; fraudulent misrepresentation by the Renners; innocent misrepresentation by the Renners; silent fraud by the Renners; fraudulent misrepresentation by Griffin; innocent misrepresentation by Griffin; declaratory relief; slander of title; and trespass.

The United States was added to the case and had the matter removed to federal court, which dismissed the action, finding that the United States had not waived sovereign immunity in cases challenging its title to trust or restricted Indian lands. The federal court remanded the matter to the circuit court for further proceedings regarding plaintiffs' remaining claims against the other parties. *Nelson v Renner*, (WD Mich, 2012). After six years and numerous motions, the trial court ultimately granted CORA summary disposition and, in exasperation, dismissed the remaining claims without prejudice. In its lengthy explanation for dismissing the case, the trial court indicated that it was hoping to "narrow the issues," "erase the slate," and better "frame the issues." The trial court indicated that "some better framing" would make the case "cleaner."

Plaintiffs appeal the order as of right, arguing that there was no legal basis for the trial court's dismissal without prejudice. The real estate defendants and the Renner trust cross-appeal, arguing that the trial court should have dismissed *with* prejudice.[1]

## II. ANALYSIS

A trial court has the inherent authority to control its own docket. *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006) ("[T]rial courts possess the inherent authority . . . to manage their own affairs so

---

[1] Though named as "appellees," CORA and the Grand Traverse Bay Band of Ottawa and Chippewa Indians have nothing to do with plaintiffs' appeal. Plaintiffs' appeal only that portion of the trial court's order dismissing defendants *without* prejudice; plaintiffs have not challenged the trial court's decision as it relates to CORA's sovereign immunity.

as to achieve the orderly and expeditious disposition of cases."); see also *Brenner v Kolk*, 226 Mich App 149, 159 n 5, 573 NW2d 65 (1997). "An exercise of the court's 'inherent power' may be disturbed only upon a finding that there has been a clear abuse of discretion." *Brenner*, 226 Mich App at 160. An abuse of discretion occurs when a court chooses an outcome outside the range of principled outcomes. *Maldonado*, 476 Mich. at 388. [*Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102 (2016).]

Here, the trial court abused its discretion by dismissing the case without prejudice where there was no legal basis for doing so. As evidenced during the many motion hearings, the trial court wanted this case to settle. It repeatedly declined opportunities to decide the substantive motions before it, expressing sympathy for all of the parties' positions. In effect, the trial court shirked its obligation to decide the matter before it. Any discussion on our part regarding the merits of the pending motions would be inappropriate. Ours is an error correcting court. *Burns v Detroit (On Remand)*, 253 Mich App 608, 615; 660 NW2d 85 (2002). Had the trial court specifically granted or denied the motions, we would entertain the substantive arguments. But the trial court specifically declined to entertain the motions at all and, therefore, abdicated its responsibility to adjudicate the rights of the parties before it. Because there was no legal basis for the dismissal, we remand the matter to the trial court with instructions that the court consider the merits of the various motions that were pending at the time it dismissed plaintiffs' case without prejudice.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Jane M. Beckering
/s/ Michael J. Riordan