*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ATAIN INSURANCE COMPANY,

        Plaintiff/Counterdefendant-Appellant,

and

NATIONAL SURETY CORPORATION,

        Intervening Plaintiff/Third-Party
        Plaintiff,

v

WARREN HOSPITALITY SUITES INC., doing
business as HAWTHORNE SUITES,

        Defendant/Counterplaintiff/Third-
        Party Defendant-Appellee,

and

JOHN FAY AND JANICE FAY,

        Defendants/Third-Party Defendants.

UNPUBLISHED
May 26, 2022

No. 355928
Oakland Circuit Court
LC No. 2020-178861-CB

Before: GLEICHER, C.J., and K.F. KELLY and PATEL, JJ.

PER CURIAM.

Establishing that a trial court has abused its discretion is a high burden. Because we conclude that the trial court did not abuse its discretion by granting a stay of proceedings pending the outcome of the collateral federal tort litigation, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

John and Janice Fay were seriously injured due to carbon monoxide poisoning while staying at a hotel owned and operated by Warren Hospitality Suites, Inc. They filed a tort suit against Warren Hospitality in the United States District Court for the Eastern District of Michigan.[1] That tort suit is still pending. Atain Insurance Company insures Warren Hospitality and is providing a defense in the tort suit under a reservation of rights. Atain filed this declaratory action seeking an adjudication that it does not have a duty to defend or indemnify in the federal action due to an exclusion in the policy.

The commercial liability policy issued by Atain to Warren Hospitality contains a "Total Pollution Exclusion with Hostile Fire Exception" that excludes coverage for injuries or damages caused by or arising out of "the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' " except for injuries or damages caused by "heat, smoke, or fumes from a hostile fire." The policy defines "hostile fire" and "pollutants" as:

> As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.
>
> \* \* \*
>
> Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed. Pollutants also includes carbon dioxide and any other substance that contributes to climate change.

The Fays' tort complaint alleges that the carbon monoxide was caused by "an uncontrollable fire"[2] in the hotel's HVAC system. Atain maintains that carbon monoxide is a "pollutant" and coverage is excluded under its policy, but acknowledges that the pollutant exclusion would not apply if the Fays' injuries arose out of "heat, smoke, or fumes from a hostile fire." Hence, it is undisputed that the four corners of the tort complaint obligate Attain to provide a defense to Warren Hospitality, even if it is under a reservation of rights.

Warren Hospitality moved to stay the declaratory action pending the outcome of the underlying tort action because the central issue of fact in both actions is the cause of the carbon monoxide discharge. The Fays concurred that a stay was warranted. Atain argued that whether carbon monoxide was a "pollutant" and whether there was evidence of a "hostile fire" had no impact on the liability in the underlying tort action. The trial court disagreed with Atain and stayed

---

[1] *Fay v Akram Namou d/b/a Namou Hotel Group,* United States District Court for the Eastern District of Michigan, Case No. 2:19-cv-10902.

[2] The Fays' complaint refers to the fire as an "uncontrollable fire," while the policy references a "hostile fire." However, the parties have, throughout the proceedings, used the terms interchangeably. For clarity, this opinion will refer to the alleged fire as a "hostile fire."

the declaratory action "[t]o prevent any inequity in this matter and in the interest of judicial economy[.]" Atain filed a motion for reconsideration, which was denied.

Unsatisfied with the stay of the declaratory action, Atain filed a motion to intervene in the federal case to allow it to participate in discovery, participate at trial, and submit a special verdict form or special interrogatories to the jury. First, the court considered the timeliness of the motion. Because Atain chose to file a declaratory action in the state court when it was fully aware that common issues of fact would be litigated in two different forums with possibly different outcomes, and it did not seek to intervene in the federal action until "its legal strategy took an unexpected turn," the federal court determined these factors weighed against a finding of timeliness. The federal court also held that Atain could not intervene as a matter of right because it did not have a direct interest in the subject matter of the tort action. The federal court concluded that the interests of judicial economy were not served by intervention because allowing Atain to conduct discovery in the federal case would bloat the process and cause needless delay. The court also reasoned that the jury could make the relevant findings of fact without Atain's participation.

After the federal court denied Atain's motion to intervene in the federal case, Atain filed this interlocutory appeal challenging the trial court's order staying the declaratory action.

## II. ANALYSIS

Atain argues the trial court abused its discretion when it granted a stay of proceedings pending the conclusion of the tort case. We disagree.

"A trial court has the inherent authority to control its own docket." *Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102, 106 (2016), citing to *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006) ("[T]rial courts possess the inherent authority ... to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). "An exercise of the court's 'inherent power' may be disturbed only upon a finding that there has been a clear abuse of discretion." *Brenner v Kolk*, 226 Mich App 149, 160; 573 NW2d 65 (1997). An abuse of discretion occurs when a court chooses an outcome outside the range of principled outcomes. *Maldonado*, 476 Mich at 388.

Two trial courts have independently concluded that the tort action and the declaratory action have common issues of fact regarding the cause of the alleged carbon monoxide discharge. The trial court properly exercised its discretion by staying the proceedings in the declaratory action "[t]o prevent any inequity in this matter and in the interest of judicial economy[.]" Because of the overlap of the factual issues, the outcome of the tort action could impact the declaratory action. For example, if Warren Hospitality prevails in the tort action, then the declaratory action would become moot. It is therefore within the range of principled outcomes for the trial court to wait for the cause of the carbon monoxide poisoning to be litigated in the underlying tort action.[3] This

---

[3] The dissent maintains that "the Fays have no legal duty, for purposes of proving the elements of their negligence claims, to prove the carbon monoxide poisoning was caused by a fire, uncontrolled, hostile, or otherwise." We respectfully disagree. This argument disregards the

approach clearly serves judicial economy. The trial court likewise did not abuse its discretion because Atain would not suffer any prejudice by the stay. Atain's legal interests remain intact and, if not rendered moot by the litigation of the factual issues, can be litigated in full later.

## III. CONCLUSION

We affirm the trial court's order staying the proceedings and we do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Sima G. Patel

---

allegations in the underlying tort complaint that the carbon monoxide poisoning was caused by "an uncontrollable fire" in the HVAC system and that the Fays have the burden of proving proximate causation as an element of their negligence claim. See *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). "To establish proximate cause, the plaintiff must prove the existence of both cause in fact and legal cause." *Weymers v Khera*, 454 Mich 639, 647; 563 NW2d 647 (1997). Establishing cause in fact requires the plaintiff to "present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Id.* at 647-648 (quotation marks and citation omitted). "To establish legal cause, the plaintiff must show that it was foreseeable that the defendant's conduct may create a risk of harm to the victim, and . . . [that] the result of that conduct and intervening causes were foreseeable." *Id*. at 648 (quotation marks and citation omitted; alteration in original). The Fays must establish the source of the carbon monoxide that they were exposed to (which they allege was an uncontrollable fire) in order to satisfy the causation element of their negligence claim.

-4-