*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RYAN SMITH,

        Plaintiff-Appellant,

v

AMANDA SADLER, formerly known as AMANDA HANSON,

        Defendant-Appellee.

UNPUBLISHED
May 12, 2026
9:51 AM

No. 378102
Eaton Circuit Court
LC No. 21-000022-DC

Before: KOROBKIN, P.J., and RIORDAN and MARIANI, JJ.

PER CURIAM.

In this child custody case, plaintiff appeals by right the trial court's order granting the parties joint physical and legal custody of their two children. Plaintiff contends that the trial court failed to follow proper procedures under the Michigan Court Rules, violated his constitutional right to due process, made findings of fact against the great weight of the evidence, and abused its discretion in ordering a change in custody. For the reasons stated in this opinion, we disagree with plaintiff's arguments and therefore affirm.

## I. BACKGROUND AND FACTS

Defendant began experiencing mental-health issues in 2019. Plaintiff was granted sole physical and legal custody of their children in 2021. Defendant's parenting time was periodically suspended and reinstated under therapeutic supervision.

In May 2022, defendant moved to modify custody and parenting time, arguing that it was in the children's best interests for the parents to share joint physical and legal custody, with an equal parenting-time schedule. The Friend of the Court recommended that the motion be denied, and defendant objected to the recommendation.

Meanwhile, in August 2022, plaintiff moved ex parte to suspend defendant's parenting time, arguing that defendant had violated a previous court order prohibiting contact between the children and defendant's husband. The referee granted plaintiff's ex parte motion. Defendant

objected to the order and again requested joint legal and physical custody along with equal parenting time.

A hearing before the referee was repeatedly adjourned and eventually took place in March 2023. Defendant no longer had counsel. At the conclusion of the hearing, the referee indicated that he wanted the parties to put together a plan to reunite defendant with the children. He indicated that, if the parties could not work out the issue, he would issue a temporary order.

Approximately two years elapsed, at which point the trial court notified the parties that no order had been entered and that they should contact the court if the matter was unresolved. Defendant requested a hearing.

At the hearing, defendant testified that she was no longer experiencing mental-health issues following a period of voluntary in-patient mental-health treatment. She further testified that she was under consistent monitoring by a therapist and psychiatrist and was willing to allow the Friend of the Court to monitor her compliance with therapy. The trial court ordered defendant and the children to engage with a reunification therapist, who later testified that the children wanted to see defendant and were ecstatic when they were able to do so. The therapist made various recommendations regarding parenting time and reunifying defendant with the children. Defendant testified extensively at the hearings, which occurred over the course of three months; plaintiff called one witness and declined to testify.

The trial court determined that the children had an established custodial environment with plaintiff. After making findings and weighing the best-interest factors, see MCL 722.23, the trial court found by clear and convincing evidence that it was in the children's best interests to grant the parties joint physical and legal custody, with a gradual escalation of defendant's parenting time.

Plaintiff now appeals.

## II. ANALYSIS

### A. REVIEW PROCEDURE

Plaintiff first contends that the trial court erred by conducting a de novo hearing in 2025 after no order had been entered following the March 2023 hearing. Specifically, plaintiff argues that the trial court failed to comply with the review procedures for referee hearings set forth in MCR 3.215. We disagree.

This Court reviews de novo the interpretation and application of court rules. *Tyler v Findling*, 508 Mich 364, 369; 972 NW2d 833 (2021). We review for an abuse of discretion, however, a trial court's exercise of its "inherent authority to control its own docket." *Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102 (2016). In this context, "[a]n abuse of discretion occurs when a court chooses an outcome outside the range of principled outcomes." *Id*.

"Circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments." MCL 600.611. "This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). This includes the "inherent power to control the movement of cases on its docket." *Brenner v Kolk*, 226 Mich App 149, 159 n 5; 573 NW2d 65 (1997).

Although MCR 3.215 concerns procedures that a court may use to involve a referee in certain domestic-relations actions, it does not proscribe the court from initiating review proceedings when, as was the case here, two years have elapsed since the referee's hearing on a motion without the issuance of a proposed order. Under the circumstances presented, we conclude that the trial court's decision to conduct a de novo hearing was an exercise of its inherent power to manage its docket, did not fall outside the range of principled outcomes, and therefore was not an abuse of discretion.

## B. DUE PROCESS

Plaintiff next contends that the trial court violated his right to due process by changing the children's custody during a hearing that he believed was principally concerned with the issue of parenting time. We disagree.

The fundamental requirements of due process are notice and the opportunity to be heard. *Dow v Michigan*, 396 Mich 192, 205-206; 240 NW2d 450 (1976). A court deprives a party of due process by ruling sua sponte on an issue without providing the parties with notice or an opportunity to be heard regarding that issue. *Al-Maliki v LaGrant*, 286 Mich App 483, 489; 781 NW2d 853 (2009). But a party is not deprived of due process when the court does not raise an issue sua sponte and has given both parties an opportunity to be heard on the issue before ruling. *Zelasko v Charter Twp of Bloomfield*, 347 Mich App 141, 153; 14 NW3d 441 (2023). Whether a party has received due process is an issue we review de novo. *Cassidy v Cassidy*, 318 Mich App 463, 500; 899 NW2d 65 (2017).

In the present case, defendant requested joint physical and legal custody of the children, as well as equal parenting time, in her motion to change custody, her objection to the Friend of the Court recommendation, and her objection to the referee's order. When the trial court began the de novo review hearing in 2025, defendant's motion and objections were still pending and the court indicated that its proceedings were a review and continuation of the previous proceedings before the referee. During the proceedings, plaintiff called his wife to testify at one hearing but declined to present further witnesses. Plaintiff thus had both notice and an opportunity to be heard regarding the children's custody. Accordingly, the trial court did not violate plaintiff's right to due process by ruling on that issue.

## C. CHANGE IN CUSTODY

Plaintiff next contends that several of the trial court's findings on the best-interest factors were against the great weight of the evidence and that the court abused its discretion by changing the children's legal and physical custody. Again, we disagree.

Regarding child-custody determinations, this Court must affirm a trial court's decisions unless its factual findings were against the great weight of the evidence, it palpably abused its discretion, or it made a clear legal error on a major issue. MCL 722.28. A trial court's factual findings are against the great weight of the evidence only if the evidence clearly preponderates in the opposite direction. *Sabatine v Sabatine*, 513 Mich 276, 284; 15 NW3d 204 (2024). In the child-custody context, a trial court palpably abuses its discretion only if the result so grossly violates fact and logic that it shows evidence of passion or bias rather than the exercise of reason. *Id*. When reviewing a trial court's best-interest findings, we keep in mind that the trial court is "better situated to weigh evidence and assess credibility." *Id*. at 285 (quotation marks and citation omitted). And "the trial court has discretion to accord differing weight to the best-interest factors." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008).

Under the Child Custody Act, MCL 722.21 *et seq*., the best-interest factors are as follows:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. A court may not consider negatively for the purposes of this factor any reasonable action taken by a parent to protect a child or that parent from sexual assault or domestic violence by the child's other parent.

-4-

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute. [MCL 722.23.]

In this case, the trial court found that factors (a), (b), (c), (e), (f), and (k) favored both parties, factors (d) and (h) favored plaintiff, factor (g) slightly favored plaintiff, and factor (j) strongly favored defendant. The court also interviewed the children twice to consider factor (i). Regarding factor (*l*), the court found that it would attribute defendant's lack of parenting time over the preceding years to the court rather than defendant.

Plaintiff argues that the trial court erred by finding that factor (b) favored both parties because there was no evidence that defendant had any involvement in the children's schooling. However, the education and raising of the child are only two of the considerations under factor (b). Additionally, the children's home, school, and community record are considered as part of factor (h), which the trial court found favored plaintiff. The trial court was not obligated to double-count plaintiff's involvement in the children's schooling. We also note that, when defendant desired to be part of the children's community involvement by attending an extracurricular activity, plaintiff instructed her that she could not do so. The trial court's findings regarding factor (b) were not against the great weight of the evidence.

Plaintiff next argues that, regarding factors (b) and (c), the court erred by relying on the improvement of defendant's mental health because the findings relied on defendant's self-reports and lacked independent corroboration. Defendant testified that her previous, serious mental-health issues had resolved in November 2024, after she was treated at an in-patient mental-health facility, during which time she had been removed from one of her prescribed medications. Defendant's reunification therapist testified that she had seen a letter from defendant's psychiatrist that explained the mechanism by which defendant's prior medication had affected her mental health. Defendant testified that she was regularly attending therapy and psychiatry appointments, that she had not had any mental-health symptoms since that time, and that she was willing to allow the Friend of the Court to monitor her compliance with mental-health treatment. We detect no ground for reversal here; the trial court was entitled to find that defendant's testimony was credible, and its finding that neither factor favored plaintiff at the time of the hearing was not against the great weight of the evidence.

Next, plaintiff argues that the record does not support the trial court's finding that factor (j) strongly weighed in favor of defendant. The court found that this factor strongly favored defendant because she wanted the children to have a relationship with both parents while plaintiff opposed almost any relationship between defendant and the children. Again, we cannot conclude that this finding was against the great weight of the evidence. Plaintiff violated a court order allowing defendant to have unsupervised parenting time, he told defendant that she could not attend the children's extracurricular activities, he was inflexible about scheduling with the children's reunification therapist, and the therapist opined that plaintiff did not support reconciliation. In contrast, defendant presented positive testimony regarding plaintiff's bond with and care for the children and expressed hope regarding the parties' communication going forward.

-5-

Plaintiff also challenges the trial court's finding under factor (*l*) that it would not hold defendant's failure to exercise parenting time against her by arguing that it was an illogical consideration. We do not agree. Parenting time is generally associated with the best interests of a child, see MCL 722.27a(1), meaning that a parent's exercise of parenting time is logically related to the children's best interests. Further, the great weight of the evidence is not against the trial court's finding that defendant's failure to exercise parenting time did not reflect lack of interest on her part. After the hearing on defendant's objections, no order was entered, and defendant—who did not have a lawyer—testified that she did not know what she was allowed to do. When the trial court notified her that she could request a hearing, she promptly contacted the court. Further, we note that the trial court addressed defendant's absence from the children's lives when making findings regarding other best-interest factors. Under these circumstances, the court's findings were not against the great weight of the evidence.

Lastly, plaintiff argues that the court abused its discretion by changing the children's physical and legal custody. Under the Child Custody Act, a trial court may not issue an order that changes the established custodial environment of a child without clear and convincing evidence that doing so is in the child's best interests. MCL 722.27(1)(c); *Sabatine*, 513 Mich at 286. Clear and convincing evidence is "evidence so clear, direct and weighty and convincing as to enable [the fact-finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Hunter v Hunter*, 484 Mich 247, 265; 771 NW2d 694 (2009) (quotation marks and citation omitted; alteration in original).

In this case, the court found that the children had an established custodial environment with plaintiff and—weighing the statutory factors—that defendant had shown by clear and convincing evidence that a change in custody and parenting time was in the children's best interests. It ordered that plaintiff and defendant have joint legal and physical custody with a graduated parenting-time schedule. This determination was consistent with the testimony of the children's highly experienced reunification therapist, who recommended unsupervised parenting time with a gradual increase of parenting time moving forward. As stated, the trial court's best-interest findings were not against the great weight of the evidence. We likewise conclude that the trial court's ultimate decision upon weighing the individual factors was not an abuse of its discretion, as it did not grossly violate fact or logic and there was no evidence of passion or bias. See *Sabatine*, 513 Mich at 284.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Michael J. Riordan
/s/ Philip P. Mariani