HURON POTAWATOMI, INC v STINGER

Docket No. 198078. Submitted October 7, 1997, at Grand Rapids. Decided December 19, 1997, at 9:25 A.M. Leave to appeal sought.

Huron Potawatomi, Inc., an Indian tribe incorporated in Michigan as a nonprofit corporation, brought an action on March 28, 1994, in the Kent Circuit Court against Kathy Stinger, a member of the tribe, seeking to recover possession of certain tribal membership records that were in the defendant's possession. The parties had entered into a contract in October 1993 that provided that the defendant would engage in genealogical research for the plaintiff to aid in the plaintiff's effort to gain formal recognition as an Indian tribe by the federal government. The defendant had been discharged by the plaintiff in December 1993. The defendant filed a counterclaim, seeking payment for the services rendered. On December 21, 1995, the federal government formally recognized the plaintiff as an Indian tribe. The plaintiff then sought summary disposition of the defendant's counterclaim on the basis of sovereign immunity. The court, Paul J. Sullivan, J., granted summary disposition of the counterclaim in favor of the plaintiff. The defendant appealed.

The Court of Appeals held:

1. Suits against Indian tribes are barred by sovereign immunity absent a clear and unequivocal waiver by the tribe or congressional abrogation. The filing of a suit by a tribe does not waive the tribe's immunity with respect to counterclaims. The plaintiff's act of incorporating pursuant to Michigan law does not constitute an express and unequivocal waiver of sovereign immunity from suit.

2. The defendant's reliance on foreign case law regarding the waiver of immunity by tribes incorporated pursuant to the federal Indian Reorganization Act of 1934, 25 USC 461 et seq., is misplaced because the plaintiff was incorporated under Michigan law.

3. The defendant's civil rights claim based on 42 USC 1981 is misplaced. 42 USC 1981 applies only to federal and state actions, not the actions of an Indian tribe.

4. The argument by the defendant that the plaintiff is relying on federal common law is without merit.

Affirmed.

1. INDIANS — SOVEREIGN IMMUNITY — WAIVER — ACTIONS — COUNTERCLAIMS — CORPORATIONS.

    Suits against Indian tribes are barred by sovereign immunity absent a clear and unequivocal waiver by the tribe or congressional abrogation; the filing of a suit by a tribe does not waive the tribe's sovereign immunity with respect to counterclaims; the fact that an Indian tribe has been incorporated pursuant to Michigan law does not constitute an express or unequivocal waiver of sovereign immunity from suit.

2. CIVIL RIGHTS — ACTIONS — INDIAN TRIBES.

    42 USC 1981 applies to federal and state actions, not the actions of an Indian tribe.

*Vandervoort, Cooke, McFee, Christ, Carpenter & Fisher, P.C.* (by *Nelson Karre*), for the plaintiff.

*Russell & Batchelor* (by *Walter J. Russell*), for the defendant.

Before: WHITE, P.J., and CAVANAGH and REILLY, JJ.

PER CURIAM. Defendant Kathy Stinger appeals as of right from an order granting plaintiff, Huron Potawatomi, Inc., summary disposition pursuant to MCR 2.116(C)(7) on the basis that her counterclaim was barred by plaintiff's sovereign immunity. We affirm.

Plaintiff is an Indian tribe. Plaintiff incorporated as a Michigan nonprofit corporation in 1970. Plaintiff is administered by an elected chairman and council. Defendant is a member of the tribe.

On October 11, 1993, the parties entered into a contract. The contract provided that defendant would engage in genealogical research for plaintiff in its effort to gain formal recognition as an Indian tribe by the federal government. Subsequently, the tribe underwent a change of leadership, and, in December 1993, the new leadership discharged defendant.

On March 28, 1994, plaintiff filed a claim against defendant to recover possession of the tribal membership records, which defendant still had in her possession. On May 2, 1994, defendant filed a counterclaim against plaintiff, seeking payment for services rendered.

On December 21, 1995, the Department of the Interior formally recognized plaintiff as an Indian tribe. On that date, the following notice appeared in the Federal Register:

> Pursuant to 25 CFR 83.10(m), notice is hereby given that the Assistant Secretary acknowledges that the Huron Potawatomi, Inc., 221 1½ Mile Road, Fulton, Michigan 49052, exists as an Indian tribe within the meaning of Federal law. This notice is based on a determination that the group satisfies the criteria set forth in 25 CFR 83.7 as modified by 25 CFR 83.8. [60 Fed Reg 66315 (1995).]

Plaintiff filed a motion for summary disposition of defendant's counterclaim pursuant to MCR 2.116(C)(7) and (10). Plaintiff asserted that because it is a federally recognized Indian tribe, it is entitled to sovereign immunity. Plaintiff also moved to amend its answer to defendant's counterclaim to assert sovereign immunity as an affirmative defense. Plaintiff informed the court that it would dismiss its claim against defendant if the trial court granted its motion for summary disposition.

The trial court heard argument with regard to plaintiff's motion on June 19, 1996. On July 2, 1996, the trial court issued a written opinion granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(7). The trial court stated:

> Looking at facts in a light most favorable to the non-moving party, it is of course ironic that defendant's services for which she claims non-payment enabled plaintiff to make a credible claim of sovereign immunity, thereby defeating defendant's claim for payment. Irony aside, however, and while sympathetic to defendant's unenviable position, this court is satisfied that plaintiff is a domestic dependant [sic] nation entitled to such immunity, and that Plaintiff's Motion for Summary Disposition must be GRANTED.

The order incorporating this decision was entered on August 29, 1996.

On appeal, defendant argues that the trial court erred in holding that plaintiff was immune from suit on the basis of sovereign immunity. Defendant further contends that because plaintiff incorporated in 1970 as a Michigan corporation, it can be sued as a corporate entity.

MCR 2.116(C)(7) provides that summary disposition is proper when a claim is barred because of immunity granted by law. When reviewing a motion for summary disposition granted pursuant to MCR 2.116(C)(7), this Court must accept as true the plaintiff's well-pleaded allegations and construe them in a light most favorable to the plaintiff. The motion should not be granted unless no factual development could provide a basis for recovery. This Court reviews a summary disposition determination de novo as a question of law. *MS Development, Inc v Auto Plaza of Woodhaven (After Remand)*, 220 Mich App 540, 545; 560 NW2d 62 (1996).

Suits against Indian tribes are barred by sovereign immunity absent a clear and unequivocal waiver by the tribe or congressional abrogation. *Oklahoma Tax Comm v Citizen Band Potawatomi Indian Tribe of Oklahoma*, 498 US 505, 509; 111 S Ct 905; 112 L Ed 2d

1112 (1991); *Santa Clara Pueblo v Martinez*, 436 US 49, 58; 98 S Ct 1670; 56 L Ed 2d 106 (1978); *Michigan United Conservation Clubs v Anthony*, 90 Mich App 99, 109; 280 NW2d 883 (1979). The Department of the Interior has recognized plaintiff as an Indian tribe. See 60 Fed Reg 66315 (1995). The filing of a suit by a tribe does not waive the tribe's immunity with respect to counterclaims. *United States v United States Fidelity & Guaranty Co*, 309 US 506, 512-513; 60 S Ct 653; 84 L Ed 894 (1940). Accordingly, in the absence of a clear waiver or congressional abrogation, plaintiff is immune from suit.

Defendant's assertion that the establishment of sovereignty requires more than recognition by the Bureau of Indian Affairs is without merit. The Congress of the United States has plenary authority over Indian affairs. See *Hodel v Irving*, 481 US 704, 734; 107 S Ct 2076; 95 L Ed 2d 668 (1987); *Montana v Blackfeet Tribe of Indians*, 471 US 759, 765; 105 S Ct 2399; 85 L Ed 2d 753 (1985). Congress has authorized the executive branch to issue regulations concerning Indian matters. 25 USC 2, 9; *James v United States Dep't of Health & Human Services*, 263 US App DC 152, 157; 824 F2d 1132 (1987). The Department of the Interior has adopted procedures to determine which Indian groups exist as "tribes." *Id.*; 25 CFR 83.2. As the United States Supreme Court stated over a century ago:

> In reference to all matters of this kind, it is the rule of this court to follow the action of the executive and other political departments of the government, whose more special duty it is to determine such affairs. If by them those Indians are recognized as a tribe, this court must do the

same. [*United States v Holliday*, 70 US (3 Wall) 407, 420; 18 L Ed 182 (1866).]

Defendant next maintains that plaintiff waived its immunity by incorporating pursuant to Michigan's Nonprofit Corporation Act, which provides that a corporation shall have the power to "[s]ue and be sued." See MCL 450.2261(1)(b);    MSA 21.197(261)(1)(b). However, state laws are generally not applicable to tribal Indians on an Indian reservation except where Congress has explicitly provided that state law shall apply. *McClanahan v Arizona State Tax Comm*, 411 US 164, 170-171; 93 S Ct 1257; 36 L Ed 2d 129 (1973); see *Holliday, supra* at 419. Thus, the provisions of Michigan's corporate law do not control, and plaintiff's act of incorporating pursuant to Michigan law does not constitute an express and unequivocal waiver of sovereign immunity from suit.[1] See *Oklahoma Tax Comm, supra*; *Santa Clara Pueblo, supra*; *Michigan United Conservation Clubs, supra*.

Moreover, in the present case, the entity incorporated under Michigan law, Huron Potawatomi, Inc., is the tribe that was recognized by the federal government. In the absence of any evidence that plaintiff has set up a separate corporate entity to conduct business affairs, and that this separate corporate entity was the party that contracted with defendant, defendant's argument must fail.

Defendant relies on the following language from *Padilla v Pueblo of Acoma*, 107 NM 174, 177; 754 P2d 845 (1988):

---

[1] Plaintiff's articles of incorporation are not part of the record, but neither party alleges that the articles contain express language providing that plaintiff waived its immunity from suit.

> [F]ederal courts generally have held that the "sue and be sued" proviso of a tribal corporate charter under Section 17 of the Act constitutes a waiver of immunity for the tribe as a corporate entity, although it does not waive the sovereign immunity of the tribe as a political entity.

However, this passage specifically refers to tribes that are incorporated pursuant to the Indian Reorganization Act of 1934 (IRA), 25 USC 461 *et seq*. The IRA provides for the creation of two separate entities: a tribal government organized under § 16 and a tribal corporation organized under § 17. See 25 USC 476-477. For business reasons, a tribe that creates a corporation pursuant to § 17 will often include a "sue and be sued" clause in the charter.[2] However, absent the inclusion of such a clause in the corporate charter, the tribal corporation is immune from suit. *Parker Drilling Co v Metlakatla Indian Community*, 451 F Supp 1127, 1136 (D Alas, 1978); *S Unique, Ltd v Gila River Pima-Maricopa Indian Community*, 138 Ariz 378, 385; 674 P2d 1376 (Ariz App, 1983). Because in the present case plaintiff was incorporated under Michigan law, an analysis of § 17 of the IRA is not applicable.

Defendant next claims that by raising the defense of sovereign immunity, plaintiff is attempting to violate her civil rights. In support of her argument, defendant cites 42 USC 1981. However, this statute applies only to federal and state actions, not to the actions of an Indian tribe. *Spotted Eagle v Blackfeet*

---

[2] See, e.g., *Kenai Oil & Gas, Inc v Dep't of Interior*, 522 F Supp 521, 528 (D Utah, 1981), aff'd 671 F2d 383 (CA 10, 1982); *Parker Drilling Co v Metlakatla Indian Community*, 451 F Supp 1127, 1136-1137 (D Alas, 1978); *Brunette v Dann*, 417 F Supp 1382, 1385 (D Idaho, 1976); *Atkinson v Haldane*, 569 P2d 151, 170, 173-175 (Alas, 1977).

*Tribe of the Blackfeet Indian Reservation*, 301 F Supp 85, 87 (D Mont, 1969). Accordingly, defendant's reliance on 42 USC 1981 is misplaced.

In her final issue, defendant argues that plaintiff is relying on federal common law. Defendant points out that, as established in *Erie R Co v Tompkins*, 304 US 64, 78; 58 S Ct 817; 82 L Ed 1188 (1938), there is no separate body of federal common law. However, because as discussed above, plaintiff is not relying on federal common law, we find this issue to be without merit.

In sum, we conclude that, as a federally recognized Indian tribe, plaintiff possesses sovereign immunity. Accordingly, the trial court properly granted plaintiff's motion for summary disposition of defendant's counterclaim.

Affirmed.