# STATE OF MICHIGAN

# COURT OF APPEALS

FRED PAQUIN,

        Plaintiff-Appellant,

v

CITY OF ST. IGNACE,

        Defendant-Appellee,

and

ATTORNEY GENERAL,

        Intervening Appellee.

FOR PUBLICATION
October 19, 2017
9:00 a.m.

No. 334350
Mackinac Circuit Court
LC No. 2015-007789-CZ

Before: K. F. KELLY, P.J., and BECKERING and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Fred Paquin, appeals as of right an order of the Mackinac Circuit Court denying his motion for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact, and moving party entitled to judgment as a matter of law), declaring him ineligible to run for city council in defendant, City of St. Ignace, and dismissing his complaint for declaratory relief with prejudice. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The pertinent facts are not in dispute. On January 19, 2010, the United States Attorney's Office filed an indictment against plaintiff and his daughter in the United States District Court for the Western District of Michigan, Northern Division. Among the 19 counts, plaintiff was charged with conspiracy to defraud the United States by dishonest means in violation of 18 USC 371. The actions prompting the federal indictment occurred while plaintiff was serving as the chief of police for the Law Enforcement Department (the tribal police department) of the Sault Tribe of Chippewa Indians (the Tribe), a federally recognized Indian tribe, and serving as an elected member of the Tribe's Board of Directors, the Tribe's governing body. On July 22, 2010, plaintiff signed a plea agreement, in which he pleaded guilty to conspiracy to defraud the United States by dishonest means. As the factual basis for his plea, plaintiff admitted to engaging in a conspiracy involving the misuse of federal funds granted to the tribal police

-1-

department. On December 20, 2010, plaintiff was sentenced to imprisonment for one year and one day.

After serving his prison sentence, plaintiff sought to run for a position on defendant's city council in the November 2013 general election. On August 15, 2013, the Attorney General issued OAG, 2013-2014, No. 7273, an opinion concluding that Const 1963, art 11, § 8 "applies to a person convicted of a crime based on that person's conduct as a governmental employee or elected official of a federally recognized Indian Tribe." Const 1963, art 11, § 8 provides:

> A person is ineligible for election or appointment to any state or local elective office of this state and ineligible to hold a position in public employment in this state that is policy-making or that has discretionary authority over public assets if, within the immediately preceding 20 years, the person was convicted of a felony involving dishonesty, deceit, fraud, or a breach of the public trust and the conviction was related to the person's official capacity while the person was holding any elective office or position of employment in local, state, or federal government. This requirement is in addition to any other qualification required under this constitution or by law.

> The legislature shall prescribe by law for the implementation of this section.

The Attorney General concluded that Const 1963, art 11, § 8 applies to convictions related to a person's elective office or position of employment in the Tribe's government. Accordingly, plaintiff was "ineligible for election or appointment to any state or local elective office of this state and ineligible to hold a position in public office in this State that is policy-making or has discretionary authority over public assets." OAG, 2013-2014, No 7273, p 36.

Relying on the Attorney General's opinion, defendant's city manager informed plaintiff in 2013 and again in 2015 that he could not run for city council. On June 26, 2015, plaintiff filed a complaint for declaratory relief against defendant, seeking a determination regarding the applicability of Const 1963, art 11, § 8 to "a person convicted of a crime based on that person's conduct as an employee of a federally recognized Indian Tribe." Plaintiff asserted in relevant part that he was eligible to run for defendant's city council because he was not convicted while holding an elective office or a position of employment in a local, state, or federal government. Defendant filed an answer denying that plaintiff was entitled to declaratory relief.

Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that defendant admitted that the only authority it relied on in denying his eligibility was the Attorney General's opinion, and that the opinion was flawed "not only in the authority cited within it but within its reasoning for the application of Article 11, Section 8 of the Michigan Constitution." In particular, plaintiff asserted that the Attorney General had cited "no legal authority for its determination that the plain language of local, state or federal government somehow includes a federally recognized sovereign Indian Tribe."

The Attorney General filed a motion to submit an amicus curiae brief and to participate in oral argument in support of defendant, which the trial court granted.[1] In the amicus curiae brief, the Attorney General argued that plaintiff's positions with the Tribe constituted elective or employment positions within local government.

Following oral argument, the trial court took plaintiff's motion for summary disposition under advisement. In a three-page order entered July 29, 2016, the trial court denied plaintiff's motion for summary disposition, declared him ineligible to run for city council, and dismissed his complaint with prejudice. In short, the trial court found persuasive the arguments and rationale proffered by the Attorney General that plaintiff fell under the prohibition of Const 1963, art 11, §8 as a citizen of Michigan, regardless of his status as a member of the sovereign tribal nation.

## II. ANALYSIS

The issue before this Court on appeal is whether plaintiff's employment[2] with a federally recognized sovereign Indian tribe constituted employment in "local, state, or federal government," for purposes of Const 1963, art 11, § 8. This is an issue of first impression involving the interpretation of a constitutional provision.

## A. STANDARDS OF REVIEW

The proper interpretation of a constitutional provision is a question of law, which appellate courts review de novo. *Fulicea v Michigan*, 308 Mich App 230, 232; 863 NW2d 385 (2014). "[T]he primary objective of constitutional interpretation . . . is to faithfully give meaning to the intent of those who enacted the law. This Court typically discerns the common understanding of constitutional text by applying each term's plain meaning at the time of ratification." *Nat'l Pride At Work, Inc v Governor*, 481 Mich 56, 67-68; 748 NW2d 524 (2008). That is, this Court attempts to ascertain "the common understanding of the provision, that meaning which reasonable minds, the great mass of the people themselves, would give it." *People v Nash*, 418 Mich 196, 209; 341 NW2d 439 (1983) (quotation marks and citation omitted). When constitutional terms are undefined, it is appropriate to consult dictionary definitions to determine meaning. See *Nat'l Pride At Work, Inc*, 481 Mich at 69, 75-77.

---

[1] Although the Attorney General filed an amicus curiae brief in the trial court, the Attorney General has been granted the status of an intervening appellee by this Court. See *Paquin v City of St Ignace*, unpublished order of the Court of Appeals, entered February 21, 2017 (Docket No. 334350).

[2] In this instance, plaintiff was employed by the Tribe as the chief of police and he held an elective office as a member of the Tribe's board of directors. The analysis for either position is the same, and it is undisputed that his conviction related to his official capacity as both an employee and a governmental official.

A trial court's summary disposition decision is also reviewed de novo. *Goldstone v Bloomfield Twp Pub Library*, 479 Mich 554, 558; 737 NW2d 476 (2007). Plaintiff moved for summary disposition under MCR 2.116(C)(10).

> In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 488; 892 NW2d 467 (2016) (quotation marks and citations omitted).]

B. CONST 1963, ART 11, § 8

As previously stated, the text of Const 1963, art 11, § 8 renders a person ineligible for "election or appointment to any state or local elective office of this state" and ineligible to hold certain positions of public employment in this state if,

> within the immediately preceding 20 years, the person was convicted of a felony involving dishonesty, deceit, fraud, or a breach of the public trust and the conviction was related to the person's official capacity while the person was holding any elective office or position of employment in local, state, or federal government.[3]

In the present case, it is undisputed that plaintiff is or was seeking to run for a position on defendant's city council, i.e., a "local elective office of this state." It is also undisputed that plaintiff was convicted of a felony within the immediately preceding 20 years involving fraud; in 2010, he was convicted by guilty plea of conspiracy to defraud the United States by dishonest means, 18 USC 371. Finally, it is undisputed that plaintiff's conviction related to his official

---

[3] Plaintiff has waived any argument regarding the self-executing nature of art 11, § 8. In any event, we agree with the analysis of the Attorney General in OAG, 2013-2014, No 7273, pp 2-3, that the provision is self-executing because it "supplies a sufficient rule, by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced." *Thompson v Secretary of State*, 192 Mich 512, 520; 159 NW 65 (1916) (quotation marks and citation omitted). Section 8 identifies the types of offices that are unavailable, the types of felonies and period within which convictions for these felonies will be considered, and the circumstances that will trigger application of the section. In addition, implementing legislation is generally unnecessary to give effect to a prohibition. See *Beecher v Baldy*, 7 Mich 488, 500 (1859). Section 8 expressly prohibits or disqualifies certain felons from holding elective or appointed office in Michigan. Therefore, its effectiveness does not depend on implementing legislation. *Id*.

capacities as the police chief of the tribal police department and an elected member of the Tribe's board of directors, the Tribe's governing body. Plaintiff concedes these points on appeal. Therefore, the only question is whether plaintiff's position with the Tribe constituted an "elective office or position of employment in *local, state, or federal government*," thereby disqualifying plaintiff from running for defendant's city council. Const 1963, art 11, § 8 (emphasis added).

We agree with the Attorney General and the trial court that the Tribe qualifies as a "local government" under the plain meaning of the text of Const 1963, art 11, § 8. Because the constitutional provision does not define the term "local government," it is appropriate to consult a dictionary definition to determine the plain meaning of the phrase at the time of ratification.[4] See *Nat'l Pride At Work, Inc*, 481 Mich at 69, 75-77. *Merriam-Webster's Collegiate Dictionary* (2007), p 730, defines "local government" as: "1. the government of a specific local area constituting a major political unit (as a nation or a state); *also*: the body of persons constituting such a government. The word "local" means, in relevant part, "of, relating to, or characteristic of a particular place: not general or widespread." *Id*. The relevant definition of "government" is "the body of persons that constitutes the governing authority of a political unit or organization[.]" *Id*. at 541.

It is beyond dispute that the Sault Tribe of Chippewa Indians is a sovereign political community, or unit.

> Indian tribes are distinct, independent political communities, retaining their original natural rights *in matters of local self-government*. Although no longer possessed of the full attributes of sovereignty, they remain a separate people, with the power of regulating their internal and social relations. They have power to make their own substantive law in internal matters and to enforce that law in their own forums. [*Santa Clara Pueblo v Martinez*, 436 US 49, 55-56; 98 S Ct 1670; 56 L Ed 2d 106 (1978) (emphasis added; quotation marks and citations omitted).]

Although "Congress has plenary authority to limit, modify or eliminate the powers of local self-government which the tribes otherwise possess[,]" *id*. at 56, "unless and until Congress acts, the tribes retain their historic sovereign authority." *Michigan v Bay Mills Indian Community*, ___ US ___, ___; 134 S Ct 2024, 2030; 188 L Ed 2d 1071 (2014) (quotation marks and citation omitted). The fact that the Tribe is subject to plenary control by Congress does not preclude the determination that the Tribe is a "domestic dependent nation" exercising "inherent sovereign authority." *Id*.

Further, authority from a variety of contexts supports the proposition that Michigan clearly views Indian tribes as units of local government with authority to execute local governmental functions. See, for example, *McDonald v Means*, 309 F3d 530, 539 (CA 9, 2002)

---

[4] As noted by the Attorney General in its brief on appeal, §8 was added to the Michigan Constitution pursuant to article 12, § 1, which provides for constitutional amendments by legislative proposal and statewide vote. Const 1963, art 12 § 1. Section 8 became effective on December 18, 2010.

(noting that a federal regulation made clear that the administration and maintenance of Indian reservation roads and bridges are essentially functions of the local government, which was an Indian tribe with respect to the road at issue in *McDonald*);[5] OAG, 2003-2004, No. 7134, p 46 (May 21, 2003) (quoting the above analysis in *McDonald* and stating that *McDonald* equated local government with tribal government); MCL 333.13704(1) (defining a "[m]unicipality" to include Indian tribes for the purpose of an environmental law); Executive Order No. 2002-5 (defining "[l]ocal units of government" to include federally recognized Indian tribes in an executive order reorganizing the executive branch of Michigan); Mich Admin Code, R 29.2163(h) (defining "[l]ocal government" to include Indian tribes with respect to the regulation of underground storage tanks).[6]

In addition, it is also undisputed in the present case that the Board of Directors is the governing body of the Sault Tribe of Chippewa Indians, and that plaintiff served as an elected member of that board. Thus, to the extent that the Tribe is an "independent political communit[y], retaining [its] original natural rights in matters of local self-government," *Santa Clara Pueblo*, 436 US at 55, and plaintiff was an elected member of the Tribe's governing body, plaintiff served as an elected official in a local government. Const 1963, art 11, § 8 has no language stating that the local governmental entity must be a political subdivision of the state of Michigan. Moreover, as chief of police in the Tribe's Law Enforcement Division, plaintiff also held a position of employment in local government. *Tomkiewicz v Detroit News, Inc*, 246 Mich App 662, 671; 635 NW2d 36 (2001) ("It is indisputable that law enforcement is a primary function of local government . . . ."), quoting *Coursey v Greater Niles Twp Publishing Corp*, 40 Ill 2d 257, 265; 239 NE2d 837 (1968); see also *Royal v Police & Fire Comm of Ecorse*, 345 Mich 214, 219; 75 NW2d 841 (1956) (noting that the control of a police department was a function of a local governmental entity).

In light of the foregoing, we hold that the Tribe constitutes a local government and that plaintiff's employment with the Tribe constituted employment in "local, state, or federal government" for purposes of Const 1963, art XI, § 8. Such a holding does not diminish or undermine the Tribe's inherent sovereign authority. "[S]tate laws are generally not applicable to tribal Indians on an Indian reservation except where Congress has explicitly provided that state law shall apply." *Huron Potawatomi, Inc v Stinger*, 227 Mich App 127, 132; 574 NW2d 706 (1997). In the instant case, no one is seeking to prohibit plaintiff from running for a position in the Tribe or otherwise to interfere in the Tribe's regulation of its internal matters. Instead, Const 1963, art 11, § 8 is being applied to prohibit plaintiff from running for a position on defendant's city council. In other words, the constitutional provision is being used to assess the qualification of a potential candidate for a position on the city council of a Michigan municipality, not a position in the Tribe. "The members of the various Indian tribes are citizens of the United States

---

[5] Lower federal court opinions are not binding on this Court, but such opinions may be considered persuasive. See *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

[6] But see MCL 18.1115(5), a provision of the management and budget act, defining "[u]nit of local government" to include only political subdivisions of the state of Michigan.

and citizens of the state within which they reside." *Mich United Conservation Clubs v Anthony*, 90 Mich App 99, 109; 280 NW2d 883 (1979) (citations omitted). In seeking to run for an elective position in a Michigan city, plaintiff was acting in his capacity as a Michigan citizen rather than a member of the Tribe. As a Michigan citizen, plaintiff is subject to the same laws as other Michigan citizens when seeking to run for an office in a Michigan municipality. See generally, *Mescalero Apache Tribe v Jones*, 411 US 145, 148-149; 93 S Ct 1267; 36 L Ed 2d 114 (1973) ("Absent express federal law to the contrary, Indians going beyond reservation boundaries have generally been held subject to non-discriminatory state law otherwise applicable to all citizens of the State.").

## III. CONCLUSION

We conclude that, because plaintiff's position of employment with the Tribe constituted employment in "local, state, or federal government," the trial court properly dismissed plaintiff's complaint because the text of Const 1963, art 11, § 8 makes plaintiff ineligible to run for a position on defendant's city council.

/s/ Kirsten Frank Kelly
/s/ Jane M. Beckering
/s/ Michael J. Riordan